## Tindal *et al.* *v.* Drake *et al.*

*Bill in Equity for Partition of Lands, and Account of Rents and Profits.*

1. *Naked trust.* — When a trustee, created by deed, is a mere repository of the legal title, being charged with no duty, and subject to no responsibility, no estate or interest passes to him by the deed (Rev. Code, § 1576), but the whole estate, legal and equitable, is vested in the beneficiaries under the deed.

2. *Parties to bill for partition.* — Where children take as tenants in common under a deed, whether immediately or in remainder, the children and heirs of a deceased tenant may join with the survivors in a bill for partition and an account of the rents and profits.

3. *Same.* — If the bill seeks a partition of lands, and an account of the rents and profits which accrued after the death of a deceased tenant in common, his personal representative is not a necessary or proper party ; but, if it also seeks an account of the rents and profits which accrued prior to his death, his personal representative is a necessary party, unless facts are averred which show that there is no necessity for administration on his estate.

4. *Non-joinder of parties.* — A bill should not be dismissed, on account of the non-joinder of necessary parties, without giving the complainant an opportunity to bring them in by amendment.

5. *Multifariousness.* — A bill for the partition of lands, and an account of the rents and profits while in the possession of a purchaser, is not multifarious, because it also asks the removal, if necessary, of the trustee, who refuses to assert his legal rights against the purchaser.

6. *Where bill may be filed.* — A bill for the partition of lands between several tenants in common, an account of the rents and profits while in the possession of a purchaser, and the removal, if necessary, of the trustee, who refuses to assert his legal rights, is properly filed in the district in which the lands are situated, and material defendants reside, although the trustee was appointed by the chancery court of another district.

APPEAL from the Chancery Court of Hale.

Tried before the Hon. A. W. DILLARD.

The bill in this case was filed, on the 26th April, 1871, by Pleasant M. Tindal and others, children and grandchildren of Harvey Tindal and Sarah E. Tindal, his wife, against William B. Drake and others ; and sought a partition of certain lands, which were in the possession of said Drake, and which the complainant claimed under certain deeds hereinafter referred

VOL. LI.

[Tindal v. Drake.]

to, and an account of the rents and profits while in his possession; and it also asked, "if necessary," the removal of Philip P. May, who had been appointed trustee of the said Sarah E. Tindal and her children, under a decree of the chancery court of Greene county, in 1854, on the ground that he refused to assert his legal rights under the said deeds and decree against the said Drake. The deeds under which the complainants claimed the lands were made exhibits to the bill, and were as follows: 1. A deed from Samuel Buchanan to Harvey Tindal, dated the 29th December, 1847, which recites that the said Samuel Buchanan is "acting as trustee for James Buchanan, by authority derived from the chancery court of said county, and at the instigation and request of the said James Buchanan; " and by which an undivided moiety of some of the lands is conveyed to the said Harvey Tindal, "in trust only for the use and benefit of Sarah E. Tindal, wife of the said Harvey Tindal, and her children." 2. A deed from James A. Moore to Harvey Tindal, dated September 25, 1851, which recites that, on the 19th June, 1844, Pleasant May conveyed certain lands, by deed of trust, to James May, in trust for the benefit of James Buchanan and James T. May, and that said James May refused to act as trustee, and that Samuel Buchanan was appointed trustee in his stead, and that said James A. Moore was afterwards appointed trustee in the place of said James Buchanan, then deceased; and by which an undivided moiety in said lands is conveyed to said Harvey Tindal, "as trustee for his wife, Sarah E. Tindal, and her children." 3. A deed from James A. Moore, as trustee of Milton M. May and Elmira May, dated the 25th December, 1851, and conveying a portion of the lands to Harvey Tindal, "as trustee for his wife, Sarah E. Tindal, and her children." 4. A deed from John May and his wife, Virginia D. May, dated the 24th June, 1852, and conveying a portion of the lands to Harvey Tindal, "as trustee for his wife, Sarah E. Tindal, and her children." 5. A deed from Nancy G. Marr to Philip P. May, "as trustee for Sarah E. Tindal and her children," dated the 12th January, 1856.

The bill alleged, that Harvey Tindal died in January, 1853; that Philip P. May was afterwards appointed trustee in his stead under the said deeds, by a decree of the chancery court of Greene county, which then embraced Hale county, in June, 1854; that said Philip P. May had never resigned, nor been removed from the said trust; that in February, 1863, James M. Tindal, assuming to act as trustee for the said Sarah E. Tindal and her children under said several deeds, and the said Sarah E. Tindal uniting with him, sold and conveyed the lands to said William B. Drake, and received payment of the pur-

[*Tindal v. Drake.*]

chase-money in Confederate treasury-notes; that the said James M. Tindal never was legally appointed trustee under said deeds, and had no legal authority to sell and convey the interest of Mrs. Sarah E. Tindal and her children in said lands; that Drake entered into possession of said lands under his purchase, and claimed to hold them in his own right, and denied the complainants' right to them; that said Philip P. May had removed from Greene county to Mobile, and refused to assert or protect the interest of the beneficiaries under the said deeds; and that the living children of said Harvey and Sarah E. Tindal, and the children of those who have died, are the complainants and defendants to the bill. The prayer of the bill was "for a severance, or division, or partition of the said lands, among and between the beneficiaries of said trusts and the said William B. Drake, if he have any;" that a sale of the said lands may, if necessary, be ordered for this purpose; that an account be taken of the rents and profits of the lands while in possession of said Drake; that the said Philip P. May, if necessary, may be removed from the trusteeship, and another trustee be appointed in his stead; and for general relief.

The defendant Drake filed a demurrer to the bill, and assigned the following as grounds of demurrer: 1. Because some of the grandchildren of Mrs. Sarah E. Tindal, who claim by inheritance, and not as beneficiaries under the deed, were joined as complainants with some of the surviving children. 2. Because the personal representatives of two of the children, who were dead, were not made parties, and no excuse was shown for the failure to bring them in. 3. Because the personal representative of Mrs. Sarah E. Tindal was not made a party. 4. Because the bill was multifarious, in that it sought an account of the rents and profits of the land against the said Drake, and the removal of the said Philip P. May as trustee, with whom said Drake had no privity or connection whatever. 5. Because said Philip P. May was appointed trustee under the deeds by the chancery court of Greene county, and did not reside in the county in which the bill was filed, and the court had no jurisdiction over him. 6. Because the bill shows that the complainants had an adequate remedy at law.

The chancellor sustained the demurrer, and dismissed the bill; and his decree is now assigned as error.

W. & J. WEBB, for appellants.

COLEMAN & SEAY, *contra.*

BRICKELL, J. — There are questions of grave importance
VOL. LI.

[Tindal v. Drake.]

to the parties in interest, suggested by the argument of counsel, which must arise in the future progress, and on the final determination of this cause, on which we forbear to express an opinion in the present state of the record. In view of the tendency of modern decisions, some of which are collected and reviewed in *Williams* v. *McConico* (36 Ala. 28), the quantity and character of estate taken by Sarah E. Tindal and her children — whether she had a life estate, and her children a remainder, or whether she and her children take an immediate estate jointly, converted by our statute into a tenancy in common, and whether this estate is subject to open and let in after-born children — are questions to be carefully considered, when directly presented. The particular causes of demurrer assigned do not raise these questions. On these questions, a proper conclusion may be greatly aided, if, as may possibly be inferred from the allegations of this bill, and the conveyances exhibited, Harvey Tindal's trusteeship was not created by them, but was in existence, and its conditions, and the trust estate committed to him, and to which the subject-matter of these conveyances are mere accretions, were created and defined by some previous appointment and conveyance. If it was so created, the bill should be amended, so as to disclose fully the origin and character of that trusteeship, and, if it be a fact, that the lands in controversy were acquired by him while acting as trustee, and subordinated to the trusts previously imposed. There is a point of view, in which this is indispensable. The present trustee was appointed, as successor of Tindal, in 1854. A part of the premises, of which partition is sought, was conveyed to him in 1856. If the character of that conveyance, and the estate it creates, are to be determined alone from its terms, the present trustee is the mere repository of a naked legal title, charged with no duty, and subject to no responsibility. Under the Code, such an assurance does not pass the legal estate, or any other right or interest, to the trustee. Its operation is to merge the legal and equitable estate in the *cestuis que trust*, or those who would have been *cestuis que trust* at common law. R. C. § 1576; *You* v. *Flinn*, 34 Ala. 409.

The bill is not obnoxious to the causes of demurrer specifically assigned. Its object is a partition of lands, and an account of rents and profits, from one who is in possession under a conveyance from one claiming to act as trustee and Sarah E. Tindal. This conveyance, so far as we can determine from the allegations of the bill, was inoperative as against the complainants, passing to the grantee only the estate of Sarah E., whatever that estate may be finally ascertained to have been. The complainants are children of Sarah E. Tindal, taking directly

under the several conveyances, either as tenants in common with her, or in remainder at her death (which is averred in the bill), and the children and heirs of some of her children, who so took, and have died. The first ground of demurrer is, that there is a misjoinder of complainants — that the children taking under the conveyances cannot join with the other complainants who take as heirs. Whether the children take in remainder, or take immediately, they take as tenants in common, and, on the death of either, his estate descends to his heirs-at-law, and they have then the community of interest with the surviving tenants which their ancestor had. This community of interest entitles the parties to join as complainants in a bill for partition. The heirs must have been parties, either as complainants or defendants; and they could properly elect, whether they would seek partition as complainants, or remain passive, and take the place of defendants against whom it was sought.

The next ground of demurrer is, that the personal representatives of the children dying are not made parties. If the object of the bill was a partition of personalty, the title to which would by law devolve on such representatives, they would be indispensable parties, unless the bill averred, as it does not, the existence of particular facts, which have been held to dispense with the necessity of tracing title through them. The subject-matter of the suit, however, is a partition of real estate. At common law, an executor or administrator is the representative of the personalty only. By virtue of his office, he had no right to the possession of the lands of the testator, or intestate. If the lands were devised, they passed to the devisees; if not devised, they descended to the heir-at-law, who alone was entitled to the possession. 1 Brick. Dig. 935, § 316. The statutes of this State confer on the personal representative authority to rent, and to obtain judicial decree for the sale of lands. These statutes are not construed as intercepting the descent, or affecting the common-law right of the heir to recover rents and profits, until the personal representative asserts the power they confer. 1 Brick. Dig. 937, § 332. So far as the bill seeks partition, and an account of rents and profits after the death of the several ancestors of the heirs who are complainants, the personal representatives are not necessary parties. If an account of the rents and profits accrued prior to the death of the ancestors is sought, the personal representative is a necessary party, unless his presence can be dispensed with by the averment of facts not found in this bill. But if these representatives are, in any aspect of the case, material parties, the bill should not have been dismissed for want of them; an opportunity should have been afforded the complain-

[Tindal *v*. Drake.]

ants by an amendment to introduce them. It would be a harsh practice, which this court has often discountenanced, to dismiss a bill containing equity, because of a want of proper parties as to a part of its subject-matter. 1 Brick. Dig. 753, § 1691.

The personal representative of Sarah E. Tindal could not possibly have any right or interest in this suit. The defendant Drake, by a conveyance from her in her life, had succeeded to all her estate in the lands. If such representative had been made a party defendant, he could have demurred for a misjoinder. If made a party complainant, the defendants could have demurred for like cause.

The bill is not multifarious. It does not set out several distinct, unconnected matters. If the defendant Drake has, as the demurrer avers, no interest in the question of the removal of the trustee, he has an interest in the partition of the lands, and against him only is an account of rents and profits sought. To these, the most material part of the case, he is an indispensable party. The removal of the trustee is prayed, because of his failure to assert the alleged rights of the complainants. Whether the conveyance to Drake is unauthorized, and the trustee's acquiescence in it is ground for his removal, is of vital importance to Drake. The whole matter of the bill is so connected, that it would not comport with the established policy of a court of equity, to avoid a multiplicity of suits, to compel the complainants by one suit to have sought a removal of the trustee, and by another partition and an account of rents and profits, to which probably Drake would have had the right to require the trustee to be made a party, that the legal title might be bound by the decree rendered. *Horton* v. *Sledge*, 29 Ala. 478; *Kennedy* v. *Kennedy*, 2 Ala. 573.

The bill was properly filed in the chancery district in which the lands are situate, and in which material defendants reside. The mere fact, that the trustee was appointed by the court of another district, does not draw to that court exclusive jurisdiction of this suit, whatever would be the rule if the trustee had been accounting to that court, and a settlement of his trust only was sought.

The decree of the chancellor is reversed, and the cause remanded.