# Bragg, Adm'r, v. Beers.

*Bill in Equity by Devisees and Legatees for a Final Settlement of their Testator's Estate, for a Sale of Lands devised for Partition, and for Distribution.*

1. *Administration of estates; jurisdiction of court of equity.*.—Before the jurisdiction of the court of probate to settle an administration, and to make division and distribution, has been put in exercise, devisees or heirs, legatees or distributees may, without assigning any special cause, resort to a court of equity for a settlement of the administration, the payment of legacies, the distribution of personal assets, and the division of lands devised or descended.

2. *Sale of lands for partition; when court of equity will take jurisdiction.*—While a court of equity, in the absence of a statute conferring the jurisdiction, will not decree a sale of lands held and owned jointly by adults without the consent of all of them, on a bill filed for that purpose alone; yet, when the court takes jurisdiction of a decedent's estate, and to effect a final settlement, distribution and partition, a sale of lands is necessary, it will order the sale in all cases in which, under like circumstances, the court of probate would have had jurisdiction to order it.

3. *Bill in equity; necessary parties.*—To a bill filed by a devisee and legatee for a settlement of his testator's estate, a sale of the lands devised for partition, and distribution of personal assets, mortgagees of the undivided interests of other devisees in the lands are necessary parties.

APPEAL from Mobile Chancery Court.

Heard before Hon. JOHN A. FOSTER.

The bill in this cause was filed on 1st December, 1881, by Dora B. Beers and Mary Parker against Braxton Bragg, individually and as administrator *de bonis non*, with the will annexed, of John Bragg, deceased, Shirley Bragg, John Bragg, William B. Bragg, and others, and its material averments are as follows: John Bragg departed this life in the county of Mobile seized and possessed of certain real estate situate in the Port of Mobile, particularly described, which, by his will, he devised to his children, the complainants and the above named defendants. At the time of his death he was also possessed of some personal property, which he also bequeathed to his children. On the 4th of September, 1878, after the probate of the will, letters testamentary were issued thereon by the Probate Court of Mobile county to one of the executors nominated in the will, who

continued as such executor until his death; and on the 5th of May, 1880, his executorship was finally settled in said Probate Court. On the 29th of April, 1879, the defendant Braxton Bragg was appointed administrator *de bonis non*, with the will annexed, of said testator, and thereupon duly qualified as such, and took possession of the assets of the estate, including the real estate devised. The testator, by his will, directs that the division of his estate should be postponed until his youngest living child should become of age, and that until that time all his estate, after the payment of debts, should be kept together by his executors, they to account annually for the income, rents and profits of his estate, which, after paying current expenses, should be annually divided among, and paid over to his said children.

The bill further avers, that the administrator has received assets of said estate more than sufficient to pay all outstanding debts; that he "has not rendered the annual account of the net income of the property devised, nor has he paid the same over as required by said will;" that he has only made one partial settlement of his administration; that payments had been made to the complainants and to the other devisees and legatees under said will on account of their respective interests thereunder, a statement of which is given; that more than eighteen months have elapsed since letters were issued to said administrator, and more than eleven months have elapsed since the youngest child of John Bragg, deceased, attained the age of twenty-one years; that complainants have been for a long time desirous that said estate should be finally settled, and the respective interests of the distributees should be paid to them, but that said administrator had taken no steps to attain that end; that the real estate devised is of such a nature that it can not be divided so as to give to each of the joint owners the part to which he or she is entitled, and they can not obtain their respective interests and rights except by a sale of the property and a distribution of the proceeds; and that neither Braxton Bragg nor the other brothers of complainants will consent to a sale of the property for partition. It is also averred that John, Shirley and William B. Bragg have mortgaged their respective interests in the real estate devised to certain parties therein named, and the mortgagees are made parties defendant to the bill; that the mortgages contain powers of sale, and the debts secured thereby are still unpaid; and that these mortgages would greatly embarrass a sale of the property had under proceedings at law for partition. The prayer of the bill is for a sale of the real estate devised for division among the devisees, a settlement of the administration of Braxton Bragg upon the estate of John Bragg, deceased, and a distribution of the per-

sonal assets in accordance with the provisions of the will.

All the defendants except the mortgagees demurred to the bill on the grounds, among others, (1) that it appears on the face of the bill that the court had no jurisdiction to order the sale of the lands therein described for the purpose of a division among the owners thereof; (2) that it appears from the bill that its main object is to obtain a partition of the lands of said estate by a sale, and no special or equitable circumstances are shown why the court should assume jurisdiction of the administration of said estate and finally settle the same; (3) that the bill shows that the complainants have a complete and adequate remedy at law; and (4) that the bill is multifarious, in that it seeks a sale of lands for a division among joint owners, a final settlement of said estate, and said mortgagees are made parties defendant thereto, without showing that they had any interest in said final settlement, or are in any way concerned therein. They also moved to dismiss the bill for want of equity. The Chancery Court, on the hearing of the cause on demurrer and motion to dismiss, entered a decree overruling both, and from that decree this appeal is prosecuted under the statute, and the decree is here assigned as error.

PILLANS, TORREY & HANAW, and D. H. LAY, for appellants.

P. & T. A. HAMILTON and J. LITTLE SMITH, *contra.*

BRICKELL, C. J.—It is true that a court of equity, in the absence of a statute conferring the jurisdiction, will not decree a sale of the lands of an adult, to make partition, without his consent.—*Deloney v. Walker*, 9 Port. 497. The statutes confer on the court of probate jurisdiction to authorize the personal representative· to sell lands descended or devised, when they are incapable of an equitable division among the heirs or devisees.—Code of 1876, § 2449. And jurisdiction is also conferred on the court to order the sale of lands, or of personal property, held by joint owners, or by tenants in common.—Code of 1876, § 3497 *et seq.* A sale of property, real or personal, held jointly or in common, which is incapable of a fair partition, under a decree of a court of competent jurisdiction, is a favored policy of the legislation of the State.

Before the jurisdiction of the court of probate to settle an administration, and to make division and distribution, has been put in exercise, without the assignment of any special cause, devisees or heirs, legatees or distributees may resort to a court of equity for a settlement of the administration, and for the payment of legacies, the distribution of personal assets, and for a division of lands devised or descended.—*McNeill v. McNeill,*

36 Ala. 10ɔ. The court, proceeding according to its own practice, is governed by and applies the law controlling the settlement of administrations, the distribution of assets, or the partition or division of property, which prevails in the court of probate. The parties lose neither right nor remedy by resorting to a court of equity, instead of invoking the jurisdiction of the court of probate. If, to effect a final settlement, distribution and partition, a sale of lands is necessary, the court will order the sale in all cases in which, under like circumstances, the court of probate would have had jurisdiction to order it.— *Wilson v. Crook*, 17 Ala. 59; *Hall v. Wilson*, 14 Ala. 295.

The purposes of the present bill, filed by legatees and devisees, are a settlement of the administration, a distribution of the personal assets in accordance with the will of the testator, and a sale of the lands devised, to effect a division justly and equitably among the devisees. Upon its allegations, if the administration remained in the court of probate, it would be the duty of the personal representative to obtain an order for the sale of the lands devised, to effect a division among the devisees. The court of equity may and should decree the sale. It is necessary to secure to the devisees the full measure of right to which they are entitled.

The mortgagees of the undivided interest of several devisees executing the mortgages are necessary parties to the bill. They have an interest in the subject-matter of suit, and, in their absence, a clear, unembarrassed title to the lands could not be sold, and no other ought the court to decree sold and conveyed. The demurrer to the bill was properly overruled, and the decree of the chancellor is affirmed.