# Salmon *v*. Wynn, *et al.*

*Bill to Remove Administration from Probate to Chancery Court.*

(Decided June 30, 1908.  47 South. 233.)

*Abatement and Revival; Another Action Pending.*—A bill to remove the further administration of the estate of a decedent from the probate to the chancery court, and to require the respondent as the administrator of a deceased executor of decedent's estate to file his accounts and vouchers, and make a final settlement of the deceased executor's acts as the executor of the decedent's estate, is the same as to subject matter and identical as to parties, as a subsequent bill filed against such respondent as administrator of the deceased's estate, and also as administrator de bonis non of decedent seeking the removal of the administration of the estate of decedent, as administered by respondent as administrator de bonis non, from the probate to the chancery court, and the pendency of such a bill is good as a plea in abatement to the subsequent bill.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by R. V. Salmon, as administrator, against W. H. Wynn, as administrator, and others, to remove an estate represented by Wynn into the chancery court to be there administered. Decree for defendants, and complainant appeals. Affirmed.

See 153 Ala. 538, 45 South. 133.

The following are the pleas to which exceptions were taken:

"(1) For plea to said bill of complainant this respondent says that on the 3d of March, 1903, Mrs. Julian Greer, the complainant in this cause, filed her bill in the chancery court of Tallapoosa county, Ala., against V. Cooper Vaughn, as administratrix of the estate of F. A. Vaughn, deceased, and the heirs at law of James Vaughn, deceased, seeking to have the administration of the estate of said James Vaughn removed from the

probate court of Tallapoosa county, Ala., to the chancery court of said county, and to require the said V. Cooper Vaughn, as said administratrix, to make a final settlement of the said estate of said James Vaughn, deceased; that, said V. Cooper Vaughn having died, said cause was revived against said W. H. Wynn, as the administrator de bonis non of the estate of said F. A. Vaughn, deceased; that, a decree having been rendered in said cause adversely to the complainant, Mrs. Julian Greer, she, on the 25th of June, 1906, took an appeal to the Supreme Court of Alabama in said cause, which said appeal was pending and undetermined at the time of the filing of the bill in this cause, and is still pending and undetermined; that said bill is founded on the same cause of action as the bill filed in this case, and is therefore vexatious. Wherefore this respondent says that this suit ought not to be maintained, and he asks that it be abated out of this court.

"(2) For further plea to said bill of complaint this respondent says that on the 3d of March 1903, the complainant in this cause filed a bill in the chancery court of Tallapoosa county, Ala., against V. Cooper Vaughn, as administratrix of the estate of F. A. Vaughn, deceased, and the heirs at law of James Vaughn, deceased, alleging that James Vaughn died in Tallapoosa county, Ala., in 1880, leaving a last will and testament, which is set out in said bill; that F. A. Vaughn was named as the executor of said will; that he was appointed executor by the probate court of Tallapoosa county, and entered upon the discharge of his duties as such on the 16th of December, 1880; also alleging that she had never received her share of her father's estate, and, afted setting out the names of the heirs at law of James Vaughn, deceased, further alleged that there were no debts due by the estate of James Vaughn, and that there

8 R

was nothing remaining to be done by an administrator of said estate, and that there was no need for an administrator of the estate of James Vaughn, deceased; and praying that the administration of the estate of James Vaughn, deceased, be removed from the probate court of Tallapoosa county into the chancery court of said county, and that the said V. Cooper Vaughn, as administratrix of the estate of F. A. Vaughn, deceased, be required to file her accounts and make in the chancery court a final settlement of the estate of James Vaughn, deceased, that a reference be ordered before the register of this court, that an account be stated between the legatees of the estate of James Vaughn, deceased, on the one hand, and V. Cooper Vaughn, as administratrix of the estate of F. A. Vaughn, on the other hand, charging the said V. Cooper Vaughn with all the property and money and other matters with which the said F. A. Vaughn would be chargeable if living, and making such settlement, and that a final decree should be rendered making a complete and final settlement and distribution of the estate of James Vaughn, deceased, and of the assets thereunto belonging unto the legatees of said estate; that, said V. Cooper Vaughn having died, said cause was revived against said W. H. Wynn, an administrator de bonis non of the estate of F. A. Vaughn, deceased. A copy of said bill of complaint, filed on the 3d day of March, 1903, is attached to this plea as Exhibit A thereto, and made a part of the same, with leave of reference thereto as often as may be necessary. This respondent avers that the matters set forth in said bill are the same as those set forth in the bill filed in this case, and that it is based on the same cause of action. This respondent avers that, after a decree had been ren dered in said cause adversely to the complainant, she prayed for and took an appeal to the Supreme Court

of Alabama in said cause, which said appeal was pending and undertermined when the bill was filed in this cause, and is still pending and undetermined. Wherefore this respondent says that the filing of the bill in this case and the bringing of this suit against this respondent is vexatious, and that complainant ought not to be permitted to maintain and prosecute the same against this respondent, and asks that the same abate out of this court."

These pleas were verified by the affidavit of W.H. Wynn.

The following exceptions were filed to the pleas: "(1) That each of said pleas was insufficient, and no answer to the complaint. (2) Said pleas do not set out the record in the former suit therein named, and do not by proper averments show what were the issues in said former suit. (3) Said pleas do not set out the final decrees in said former suit, and do not show by proper averment that said decree was a final and absolute adjudication of complainant's right in said suit. (4) Said pleas do not set out the decrees in said suit therein named, and do not show that the bill in said cause was not dismissed without prejudice. (5) Said pleas do not set out the record, and do not show what were the issues in the former suit, and do not show what was the decree of the court in said former suit, and do not show that said decree was a final adjudication absolutely against complainant therein. (6) Said pleas show on their face that the administratrix of James Vaughn, deceased, was not a party to the suit."

Demurrers were filed setting up and assigning the same ground as those assigned in the exceptions. Exhibit A to plea 2 was the bill and exhibits thereto filed in the former suit; but the decree in the former suit is **not made an exhibit thereto.**

LACKEY & BRIDGES, for appellant.  The plea of the pendency of a prior action for the same cause between the same parties, stands upon like principles, and is supported by like evidence as a plea of former recovery. --*Foster v. Napier,* 73 Ala. 595.  In order that a judgment may be res adjudicata it must appear that the the point must be directly in issue, and the judgment must be rendered on that point.  If any one of these elements is wanting the judgment is not conclusive in a subsequent action.—*Gilbreath v. Jones,* 66 Ala. 129; *Dobson v. Hirley,* 129 Ala. 380.  To support the plea of the pendency of a former suit as a cause for the abatement of the suit in which the plea is interposed, the plea must show that the former suit is between the same parties and relates to the same cause of action and that a judgment therein would be conclusive between the parties to the latter suit as to the matters therein involved.—*Foster v. Napier, supra; Davis v. Petrinovich,* 112 Ala. 654; *Hall v. Wallace,* 25 Ala. 438; *Hall v. Holcombe,* 26 Ala. 720; *W. U. Tel. Co. v. Crumpton,* 138 Ala. 632.

JAMES W. STROTHER, for appellee.  The plea was a good plea in abatement, and the court properly sustained it.—*Ormon v. Lane,* 130 Ala. 305; *Troy Fert. Co. v. Prestwood,* 116 Ala. 119; *Coaldale B. & T. Co. v. Southern Const. Co.,* 110 Ala. 605; *Foster v. Napier,* 73 Ala. 595.

SIMPSON, J.—The bill in this case was filed by Julian Greer (since deceased, and now represented by the appellant), and sought to have the chancery court take "jurisdiction of the administration of the estate of James Vaughn, deceased, and that the administration of said estate" be removed from the probate court into the chancery court.  The respondent filed pleas (set out

in the statement of this case), setting up, as matter of abatement, the pendency of another suit, involving the same subject, in which a decree had been rendered adversely to the complainant, and which, at the time of the filing of the bill in this case, was pending in the Supreme Court on appeal. The sufficiency of said pleas was questioned in the court below, and is questioned here, on the ground that the parties and subject-matter are not the same, because the former suit was against W. H. Wynn, as administrator of the estate of F. A. Vaughn, deceased, and "sought the removal of the estate of James Vaughn, deceased, as the same was had by F. A. Vaughn as the executor of said estate," while the bill in this case is against W. H. Wynn, as administrator de bonis non with the will annexed of James Vaughn, deceased, and also as administrator of F. A. Vaughn, deceased, and seeks the removal of the administration of the estate of James Vaughn, deceased, as administered by W. H. Wynn as administrator de bonis non with the will annexed.

The gravamen of the argument is that the administration of the principal administrator and that of the administrator de bonis non are separate and distinct, that there is no technical privity between them, and that a judgment against the administrator in chief is not conclusive against the administrator de bonis non. The bill in the former case shows that F. A. Vaughan was the executor of the estate of James Vaughn, that said F. A. Vaughn had died without making settlement of said estate, that V. Cooper Vaughn had been appointed as administratrix of said F. A. Vaughn, and she died and was succeeded by Wynn as administrator de bonis non, and he had made no settlement. The heirs and distributees of James Vaughn were made parties, and it was alleged that there was nothing further to do in regard

to the estate of said James Vaughn, except to distribute the assets; no debts being due by the estate. The bill therefore prayed that the chancery court would take "jurisdiction of the further administration of the estate of James Vaughn, deceased;" that an account be stated between the legatees of the estate of James Vaughn and V. Cooper Vaughn, as administratrix of F. A. Vaughn; that said V. Cooper Vaughn be required to file her accounts and make "a final settlement of the estate of James Vaughn, deceased;" and that a final decree be rendered, "making a complete and final settlement and distribution of the estate of James Vaughn, deceased," etc. In the case of *Martin v. Ellerbe's Adm'r*, 70 Ala. 326, this court said: "It may be true, as a general rule, that there is no technical privity, or connection, between the administrator in chief and an administrator de bonis non and that the acts or admissions or judgments or decrees against the former are not evidence against the latter. The rule must however be accepted with the explanation that the administrator de bonis non is bound and concluded by the rightful administration of his predecessor—that all acts within such administration not tainted with fraud he cannot undo or disturb or deny their legal efficacy. Otherwise successive administrations would be fraught with unmixed mischief and would provoke a multiplicity of litigation." Page 340. The court goes on to state that a judgment is evidence against a succeeding administrator, until impeached for fraud, "because it is rendered in the regular course of administration," etc. Page 342. The court also states "that whatever was rightfully done in the course of regular administration by the preceeding administrator is not, by the change in administration, deprived of legal efficacy. It is a matter finished, which cannot be undone, in the absence of fraud; and it is

evidence against the administrator de bonis non to the same extent to which it is evidence against creditors, legatees, or distributees." Pages 342, 343.

It will be observed that the former bill was not merely to make a settlement of said F. A. Vaughn's administration, but to remove the estate of James Vaughn into the chancery court, and to make a full and final settlement and distribution of said estate. We hold, then, that the subject-matter of the former suit was the same as that of this suit; that both suits related to the removal of the estate of James Vaughn and the settlement of the same, and that the parties are identical; and that the administrator de bonis non, being bound by all matters legally done in the regular administration of said estate, cannot split up the administration of said estate and thus bring about a "complicity of litigation" in the administration of said estate. The chancellor properly overruled the exceptions to the pleas in said case.

The decree of the chancellor is affirmed.

TYSON, C. J., and HARALSON and DOWDELL, JJ., concur.