(90 South. 317)

**DENT et al. v. FOY et al.    (4 Div. 910.)**

(Supreme Court of Alabama.   June 30, 1921.
On Rehearing, Oct. 13, 1921.)

**1. Descent and distribution ⬅75—On death of ancestor, title to land passes to heirs.**

Upon the death of the ancestor, the title to land descends immediately to the heirs, who have the right to immediate possession.

On Rehearing.

**2. Executors and administrators ⬅473, 474 (1)—Removal of administration of estate to equity held to deprive administrator of right to an order of sale for division.**

In view of Acts 1909 (Sp. Sess.) p. 124, giving the Chancery Court original jurisdiction for partition, and Acts 1911, p. 574, providing that the administration of any estate may, at any time before application for final settlement, be removed to the chancery court by an heir without assigning equity, a bill filed by the heirs of an estate for removal of the administration to the equity court, and asking, along with other relief, a sale of the land for division, gave the court jurisdiction for such purpose, and superseded to that extent Code 1907, §§ 2621, 2622, and took from the administrators the right to obtain an order for sale for division.

Gardner and Thomas, JJ., dissenting.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

The estate of George H. Dent was removed by one of the heirs from the probate to the

circuit court, the bill praying that certain real estate be sold for distribution. Pending the settlement of the estate, and before decree passing upon that particular feature of the bill, the executors of the estate, having obtained the consent in writing of certain of the adult heirs, filed a petition to sell the same real estate, and from a decree sustaining a plea in abatement to the petition and dismissing the petition, the executors appeal. Affirmed on rehearing.

McDowell & McDowell, of Eufaula, and S. H. Dent, Jr., of Montgomery, for appellants.

The descent of real estate may be intercepted, and the possession thereof claimed by personal representatives for the purpose of administration. 69 Ala. 598. The statute was fully complied with. Section 2622, Code 1907; 71 Ala. 151; 3 Brickell's Dig. 464; 95 Ala. 271, 10 South. 837; 159 Ala. 555, 48 South. 793. The court of equity may sell real estate, as probate courts may, following, of course, its own rules of practice. 76 Ala. 312; 164 Ala. 390, 51 South. 389, and cases cited supra. This is a petition, and not an original bill, and the court erred in dismissing it.

A. H. Merrill & Sons, of Eufaula, and Farmer, Merrill & Farmer, of Dothan, for appellees.

Before the passage of Acts 1911, p. 574, upon the removal of an administration into the chancery court, the personal representative must file the petition for the sale of land under the statute; but, since the statute, the rule is different. 159 Ala. 555, 48 South. 793; 164 Ala. 390, 51 South. 389; 168 Ala. 354, 52 South. 946. The statute now provides that the sale may be made without regard to any of the statutory requirements provided for administration of estates in the probate court. The object and purpose of sections 2621, 2622, was not to vest a right or privilege in the administrator, but to effect distribution of the lands of a decedent, and incidentally to authorize the personal representative to make the application. The court had acquired jurisdiction to order the sale under the original bill, and the petition could not oust it of that jurisdiction. 176 Ala. 454, 58 South. 421, and authorities supra; 7 May. 357.

GARDNER, J. Appellants were duly appointed administrators of the estate of George H. Dent, deceased, and during the pendency of the administration thereof appellees, heirs of said estate, being grandchildren of deceased, filed a bill in the circuit court of Barbour county, in equity, for the removal of the administration into that court. This these heirs had a right to do without assigning any special equity (Acts 1911, p. 575); but the bill also contained averments seeking to charge some of the heirs with advancements, and other matters not necessary here to mention, including also a sale of the real estate of decedent for division among the heirs. There were demurrers interposed to this bill, which were overruled; and the decree subsequently affirmed on appeal to this court. Dent v. Foy, 204 Ala. 404, 85 South. 709.

Subsequently appellants, as administrators of said estate, filed their petition in the circuit court setting up the pendency of the administration in that court that the widow had conveyed to the heirs her dower interest, that the estate owed no debts, and that several of the adult heirs had made written requests that the real estate described in the petition, as belonging to the estate, be sold for division by the administrators, and sought to have an order of court for a sale of the lands for the purpose of division among the heirs, as provided by statute. The written consent of the adult heirs, which in all respects was full and complete, was duly filed with this petition.

The appellees to this petition filed pleas in abatement, setting up in substance the bill which they had previously filed seeking to remove the administration into the equity court, wherein, among other matters, they sought a sale of this land for division; and that the parties were the same, as was also the objects of the two proceedings. Upon the hearing of the petition, the court sustained these pleas in abatement, and dismissed the petition for a sale of the lands for division. From the decree dismissing the petition, the administrators have prosecuted this appeal.

[1] There is therefore but one question here presented for consideration, and that is whether or not the filing of the bill by the appellees for the removal of the administration into the equity court—in which bill a sale of the lands for division was also sought—takes from the administrators of estate the right to obtain an order for sale for division among the heirs, after having obtained the written consent of some of the adult heirs as provided by statute. We answer the question in the negative. We recognize, of course, as contended by counsel for appellees, that upon the death of the ancestor the title to the land descends immediately to the heirs who have the right of immediate possession; but, as was held in Marshall v. Marshall, 86 Ala. 383, 5 South. 475, as well as in all the decisions, this is subject to "statutory authority of the personal representative to rent them, and to obtain a judicial order of sale for the payment of debts or for distribution." In Tindal v. Drake, 51 Ala. 574, speaking to the same subject, the court said:

"The statutes of this state confer on the personal representative authority to rent and to obtain judicial decree for the sale of lands. These statutes are not construed as intercepting the descent, or affecting the common-law right of the heir to recover rents and profits, until the personal representative asserts the power they confer."

The same princple is well expressed in Nelson v. Murfee, 69 Ala. 598, as follows:

"Under our statutes, as at common law, the title to lands, on the death of the ancestor, descends immediately to the heir at law, or next of kin. Unlike the rule of the common law, however, it does not vest in the heir absolutely, but the descent may be intercepted, and the possession claimed and held by the personal representative, for the purposes of administration. * * * Among the unquestioned powers conferred upon him is the right to petition for and obtain an order to sell the lands of his testator or intestate, for the payment of debts."

The right of the administrator for an order from the probate court for a sale of the lands for division upon the written consent of an adult heir or devisee is conferred by statute, and numerous sections of the Code deal with this particular power and its exercise. Section 2521 et seq., Code 1907.

In Bragg v. Beers, 71 Ala. 151, the court, in speaking of the right of the heir to remove the administration into the chancery court, said:

"The court, proceeding according to its own practice, is governed by and applies the law controlling the settlement of administrations, the distribution of assets, or the partition or division of property, which prevails in the court of probate. The parties lose neither right nor remedy by resorting to a court of equity, instead of invoking the jurisdiction of the court of probate. If, to effect a final settlement, distribution, and partition, a sale of lands is necessary, the court will order the sale in all cases in which, under like circumstances, the court of probate would have had jurisdiction to order it."

In Roy v. Roy, 159 Ala. 555, 48 South. 793, it was held that, after the removal of an administration into the chancery court, where a sale of the lands was sought by the administrator, all the requirements of the numerous sections as to such a sale in the probate court must be complied with, such as publications, guardian ad litem appointed for that particular proceeding, testimony taken as provided by the statute, and other provisions not necessary to note.

Subsequent to that decision the Legislature passed an act (Acts 1911, supra) the first section of which provided in substance that, upon the removal of the administration into the chancery court, that court may, in its discretion, proceed according to its own rules of practice, without regard to the statutory requirements providing for sale by ad-

ministrators in the probate court. It is insisted by counsel for appellees that this statute renders inapplicable the language used in Bragg v. Beers, supra.

We do not so construe the statute. It is evident the purpose was to avoid the strict rule as to the statutory requirements—some of which we have just noted—laid down in Roy v. Roy, supra, requiring a court of chancery to follow all the statutory provisions for a sale of the lands for division in the probate court. But it was not intended, nor do we think the language of the statute is subject to such construction, to so change the rule of law recognized in the Bragg Case, supra, to the effect that by a transfer of the administration into the equity court the parties should lose any right secured to them by statute. As remarked by this court in Jemison v. Brasher, 202 Ala. 578, 81 South. 80:

"Taking jurisdiction, a court of equity will administer the estate and apply the substantive law regulating the conduct and settlement of administration in the probate court."

It was the unquestioned right of the administrator upon the request of an adult heir to obtain an order of sale of real estate for division. This was a statutory and substantial right. The administration was pending, and we are of the opinion that these administrators could not be deprived thereof by the mere fact that one of the heirs removes the administration into a court of equity and prays also for a sale for division. It is a well-recognized principle that the administration and settlement of a decedent's estate is a single and continuous proceeding; and, as said by this court in Tygh v. Dolan, 95 Ala. 269, 10 South. 837:

"There can be no splitting up of an administration any more than any other cause of action; it is one proceeding throughout, in a sense, and the court having paramount jurisdiction of it must proceed to a final and complete settlement."

To like effect is the language of this court in the more recent case of McKeithen v. Rich, 204 Ala. 588, 86 South. 377. The same principle was also recognized in Eastburn v. Canizas, 193 Ala. 575,[1] where the legatees under a will sought to have postponed the final settlement of the estate in the probate court upon the ground that they had instituted actions at law as provided by the statute, for the recovery of their legacies.

We have examined the cases relied upon by counsel for appellees, among them Marshall v. Marshall, supra, Tindal v. Drake, supra, and Donnor v. Quartermas, 90 Ala. 164, 8 South. 715, 24 Am. St. Rep. 778, but find nothing in any of them which would lead to a conclusion contrary to that here

---

[1] 69 South. 459.

reached. At the time of the filing of the bill in the Marshall Case, supra, there was no representative of the estate in this jurisdiction, and therefore, of course, there could be no question as to the assertion of any of his rights under the statute. The cases of Troy Fert. Co. v. Prestwood, 116 Ala. 119, 22 South. 262, Salmon v. Wynn, 157 Ala. 112, 47 South. 233, and Sloss-Sheffield Steel & Iron Co. v. Milbra, 173 Ala. 658, 55 South. 890, merely recognize the well-understood rule that, where the jurisdiction of a court and the right of the parties to prosecute the suit have once attached, that right cannot be arrested or taken away by proceedings in other courts. The plea in abatement in the Milbra Case, supra, sets up the pendency of another suit for the same cause of action by the administrator of the same estate, and was properly held good. The opinion points out that in such cases the pendency of the prior suit for the same cause of action in a court of competent jurisdiction, between the same parties, should abate the later suit, for the reason that the latter is deemed unnecessary and vexatious. The courts so hold for the reason they abhor oppression and vexation, as well as a multiplicity of suits. Manifestly such considerations find no application to the instant case.

If an administration is one continuous proceeding throughout, then, as a part of that administration, and during its progress, it was the right of administrators, upon the written request of an heir, to obtain an order of sale of this land for division. The statute has safe-guarded this right, that it might not be abused by requiring the written consent of an adult heir. The right of one heir for a sale for division is equal to that of any other, but it should not be greater.

Involved in this case is evidently only a question of costs and its distribution. Some of the adult heirs have thought it proper that the lands be sold by the administrators in the regular course of procedure. This is a right given by statute, which, in our opinion, is not to be taken away by the mere filing of a bill by another heir, removing the administration into the chancery court, and also seeking a sale. If such be declared the law, then the statutory right could be made entirely ineffectual and reduced to a mere shadow.

Appellee's counsel refer to the decision of this court on former appeal, where it was held the bill was not multifarious. Nothing there held is out of harmony with the conclusion here reached. This particular question was not presented, as, indeed, it had not arisen. The bill was clearly not objectionable upon the ground of multifariousness, and indeed the sale of the land under the prayer of the bill would be unobjectionable had not the administrators interfered and asserted the rights given them by statute. When, however, they do assert this right, we think it is superior, and should be protected as such.

We have therefore reached the conclusion that the trial court was in error in dismissing the petition of the administrators, and the decree will be here reversed and one rendered holding the plea in abatement insufficient, and reinstating the petition of the administrators. The cause will be remanded to that court for further proceedings therein.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

## On Rehearing.

PER CURIAM. [2] Upon a reconsideration of this cause the majority of the court have reached the conclusion that in view of the language of the act of 1911, p. 574, and the cases of Roy v. Roy, 159 Ala. 555, 48 South. 793, and Hardwick v. Hardwick, 164 Ala. 390, 51 South. 389, preceding said act, as well also the case of Trucks v. Sessions, 189 Ala. 149, 66 South. 79, referring to the Acts 1909, Special Session, p. 124, the bill filed by appellees removing the administration, and praying also for a sale for division, gave the court jurisdiction thus first obtained for such purpose, and superseded to that extent sections 2621, 2622, of the Code.

The court therefore is now of the opinion the ruling of the trial court was correct. The rehearing is granted, judgment of reversal set aside, and one here entered affirming the decree.

Justice GARDNER adheres to the views expressed in the original opinion, in which Justice THOMAS concurs.

Rehearing granted. Decree affirmed.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and MILLER, JJ., concur. GARDNER and THOMAS, JJ., dissent.