13 So.2d 406

## GODSEY v. GODSEY.

### 6 Div. 91.

Supreme Court of Alabama.

April 15, 1943.

Rehearing Denied May 27, 1943.

Ernest B. Fite, of Hamilton, and Fred Fite, of Birmingham, for appellees.

Wm. L. Chenault, of Russellville, for appellant.

THOMAS, Justice.

The administration of the estate of W. S. Godsey was removed on petition of one of the heirs and next of kin from the probate court. The procedure in equity is subject to statutory regulations. Dent v. Foy, 206 Ala. 454, 90 So. 317; Little v. Gavin, Special Adm., ante, p. ——, 12 So.2d 549.

The agreement of counsel is to the effect that:

"* * * the defendant Hobson Palmer shall pay over to Leota Mitchell, guardian for Nancy Josephine Godsey, a person of unsound mind, the sum of $537.75, which he has in his possession and which is the proceeds of a Life Insurance Policy on the life of W. S. Godsey, deceased, said Nancy Josephine Godsey being the beneficiary, and the said policy having been issued by the Sovereign Camp of the Woodmen of the World, and said money having been paid on said policy by the Woodmen Life Insurance Society, the suc-

cessor to the said Sovereign Camp of the Woodmen of the World, and when such payment is made, it shall constitute a full release of the said Hobson Palmer from any further liability on account of said fund.

"It is further agreed that the $85.96 in the hands of said defendant Hobson Palmer belonging to the estate of W. S. Godsey, deceased, shall be paid by him to Charlie Godsey as administrator of the estate of the said W. S. Godsey, deceased, or rather the proceeds of said sum, after deducting the sum of $25.00 for his compensation in collecting and handling the monies and property which have come into his hands under agreement of the other parties to this suit; and when such money shall have been paid to the said administrator, this shall be in full settlement and discharge of all liability of the said defendant Hobson Palmer on account of monies and property which have come into his hands belonging to the estate of W. S. Godsey, deceased. This cause shall be dismissed as to said defendant, Hobson Palmer and he shall not be taxed with any costs of this cause."

The respective notes of testimony were in pursuance to the rules that obtain as to such proceeding in equity.

The record discloses a controversy among the next of kin as to the alleged holdings of certain lands under contracts of purchase, from the decedent father. The facts detailed in the record as to the family are unfortunate and need not be repeated here. Davis v. Davis, 241 Ala. 385, 2 So.2d 780, citing the statute, Code 1940, T. 13, § 66, and the decisions; Caples v. Young, 206 Ala. 282, 89 So. 460.

We have carefully considered all the evidence, and we find that the mortgage from Charlie Godsey to his father as the purchase price of the tract of land in question was fully paid by that son to the father "during the lifetime of W. S. Godsey" and the mortgage delivered by said decedent to said respondent was marked "paid in full" by the father.

The court further decreed:

"The evidence does not reasonably satisfy the court that either Della D. Godsey or Silas Godsey paid the purchase money for the land which decedent in his lifetime severally and separately contracted to convey to them, or any part of it.

Specific performance will not be decreed when the testimony in reference to the contract is so conflicting that it cannot be said to be 'clearly proved'. The proof should be clear, certain and definite. In this case the evidence, while satisfactorily showing a contract to convey lands by decedent to Della D. Godsey and also a contract to convey lands to Silas Godsey, and that each was put in possession of the land purchased by him, is not clear, definite and certain that any payment whatever on the purchase price of the land was made by either of said complainants, so as to bring the contracts within the saving clause of the statute of frauds. While oral proof was offered tending to show that each of said complainants did make payment on the purchase price of the lands, no receipts or other written evidence of such payment were produced, nor is it claimed that any were ever received, no deed was ever executed, no mortgage was taken, and no written evidence whatever was submitted to this court tending to show a payment of any part of the purchase price by either of said complainants for the lands purchased by him. On the other hand, oral proof was offered tending to show that nothing was ever paid on the lands, and this court finds, orders, adjudges and decrees that nothing was ever paid by either on the lands purchased by him.

"The court is reasonably satisfied from the evidence that the complainant Silas Godsey was put in possession of the land purchased by him at the time of the contract of sale and that during his possession, in the belief that the contract was still subsisting and would be executed he made valuable improvements on the land, observed by and known to the decedent W. S. Godsey at the time, for which he has an equitable claim to reimbursement. As against the value of these improvements the court finds that said complainant is chargeable with the rental value of the lands during the period of his possession. To ascertain what unsatisfied amount of expenditures for improvements on said lands, if any, remains after charging the rental value of the lands during the period, an accounting is ordered. To this end the register of this court is directed to state an account between said complainant and the Estate of W. S. Godsey, deceased, giving the complainant credit for the value of improvements made on the lands purchased by him, and charg-

ing him with the rental value of the lands during his period of possession. In crediting the complainant with the value of improvements made by him, the register shall not include as a part of the value of such improvements any timber that may have been taken from the lands themselves and put into such improvements, but as to any such timber she shall give the complainant credit only for the value of the labor performed in preparing the same for use in the improvements. In stating the account the register may use any of the legal evidence already taken in the case that pertains to the issues involved in stating the account. * * *"

Courts of equity favor family settlements of joint properties, and in a proper case, will affirm the same. Betts v. Ward, 196 Ala. 248, 72 So. 110. Two matters are agreed upon: (1) That the insurance on the life of decedent in amount of $537.75 paid by the successor of the Sovereign Camp of the Woodmen of the World should be "paid over to Leota Mitchell, guardian for Nancy Josephine Godsey, a person of unsound mind," and when payment is made it shall constitute a full release of Hobson Palmer from any further liability on account of said fund; (2) that the $85.96 in the hands of the defendant Hobson Palmer belongs to the estate of W. S. Godsey, deceased, and should be paid to Charlie Godsey as the administrator of W. S. Godsey, deceased, after deducting therefrom the sum of $25 for compensation in collecting and handling the moneys and property which have come into his hands under agreement of the parties to the suit, and when paid to the administrator shall be a full settlement and discharge of the liability of Hobson Palmer on account of moneys and properties which have come into his hands belonging to said estate.

The decree of the court was held open for other and further settlement of a due administration of the estate.

After a careful examination of this record and all the evidence on which submission is had, it results that the decree of the circuit court is in all respects correct and should be affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.