ALMON, Justice.
This is an appeal from a judgment dismissing appellants’ complaint in Cir.Ct. No. 2014-J, the denying of appellants’ motion to dismiss in Cir.Ct. No. 2137 — J, and the allowing Cir.Ct. No. 2017-J to be refiled and continued as a pending cause.
All three of the cases arose from the administration of the estate of J. T. Autry. They involve real property which J. T. Autry or his wife, Sarah Autry, owned at the time of his death in 1971. J. T. Autry owned approximately 401 acres of land; Sarah Autry owned approximately 160 acres of land. Both J. T. and Sarah Autry died intestate. S. T. Autry was appointed administrator of the estate of J. T. Autry in the Probate Court of Clarke County. The administration is now pending in the Circuit Court of Clarke County.
The following is a sequence of events relevant to this appeal:
June 6, 1973: S. T. Autry, as Administrator of the Estate of J. T. Autry, filed a petition in the probate court pursuant to Tit. 61, §§ 245 & 246, Code of Alabama 1940, Recompiled 1958, wherein he sought to sell lands for a division of the proceeds. This petition not only described the J. T. Autry lands but also included the lands owned by Sarah Autry at her death. (Cir. Ct. No. 2014-J). Tit. 61, §§ 245 & 246 read:
§ 245. “Lands of an estate may be sold by order of the probate court having jurisdiction of the estate, when the same cannot be equitably divided among the heirs or devisees, when an adult heir or devisee files his written consent that the land be sold.”
§ 246. “The application for the sale of lands, either for payment of debts or for division, must be made by the executor or administrator in writing, verified by affidavit, to the probate court having jurisdiction of the estate, must describe the lands accurately, must give the names of the heirs or devisees, and their places of residence, and must also state whether any, and which of such heirs or devisees, are under the age of twenty-one years, or of unsound mind; and such applica-. tion may be contested by any party interested in the estate.”
July 23,1973: The administration of the estate of J. T. Autry was removed to the circuit court.
July 31, 1973: Charles McDonald, the appellee and one of the heirs, filed suit pursuant to Tit. 47, § 186, praying for a sale of lands by the court and a distribution of proceeds. (Cir.Ct. 2017-J). This complaint included the lands of both J. T. Autry and Sarah Autry. Tit. 47, § 186, reads as follows:
“The circuit court shall have original jurisdiction to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common; whether the defendant denies the title of complainant or sets up adverse possession or not; and the court in exercising its jurisdiction shall proceed according to its own practices in equity cases.”
August 23, 1973: A motion to dismiss the action brought by appellee under Tit. 47, § 186, was made on the ground that a petition to sell for distribution was still pending in the Estate of J. T. Autry.
January 8, 1974: The above motion was granted.
March 19, 1974: 2014 — J was amended without leave of court, before any responsive pleadings were filed, to show that 160 acres of the property were owned by Sarah *379 Autry, deceased' wife of J. T. Autry, the remainder belonging to J. T. Autry.
May 3, 1974: Appellee filed a second suit, Cir.Ct. No. 2137 — J, seeking sale for division of the 160 acres belonging to Sarah Autry.
May 6, 1974: A. Appellee appealed to this court from the judgment granting the motion to dismiss his original suit (2017-J) ; B. Appellee filed a motion to dismiss 2014-J on the ground that the March 19, 1974, amendment stated a new cause of action.
June 4, 1974: Appellant moved to dismiss 2137 — J on the ground that the court lacked jurisdiction because there was already pending before the court 2014-J involving the same subject matter as 2137 — J.
June 11, 1974: Appellee refiled 2017-J.
June 20, 1974: The circuit court granted leave to amend 2014 — J as of March 19, 1974.
December 13, 1974: The circuit court dismissed 2014 — J stating that the amendment filed on March 19, 1974, was a complete departure from the original petition filed under Tit. 61, §§ 245 & 246.
The court allowed 2017-J and 2137-J to proceed.
January 8, 1975: By motion of appellant the appeal in 2017-J was dismissed by this court.
Prior to submission of this case appel-lee Charles McDonald moved this court to dismiss this appeal “because all parties were not served with a citation” as required by Tit. 7, § 601, Code, supra. The provisions of § 801 are for the benefit of the appellee and serve to insure that appellee’s attorney has record notice of the appeal. Espey v. State, 268 Ala. 109, 105 So.2d 93 (1958); Pate v. State, 44 Ala.App. 553, 216 So.2d 191 (1968).
Occasionally it is difficult to determine from the record on appeal who the appellants or appellees are. We have searched all three records before us and are compelled to the conclusion that all parties involved are appellants other than Charles McDonald and Kitty Autry. Both Charles McDonald and Kitty Autry were without dispute served with a citation of appeal.
Stated differently, we cannot with any degree of certainty determine from the records before us that there were appel-lees other that the two mentioned above. The rule is that when compliance with this section is not literal and the court is doubtful as to whether or not there is substantial compliance, a motion to dismiss is to be overruled. Faust v. Baker, 31 Ala.App. 596, 20 So.2d 727 (1944).
On July 23, 1973, the administration of the estate of J. T. Autry was transferred from probate court to circuit court. The removal to circuit court affected no property rights in and of itself. This procedure merely substituted the circuit court for the probate court. Hanks v. Hanks, 281 Ala. 92, 199 So.2d 169, 174 (1967).
“When the circuit court, in the exercise of its unquestioned jurisdiction, reached out and brought before it for administration the estate . . . then being administered in a court of competent and concurrent jurisdiction, it took over that estate, and the proceedings had therein, just where they stood when the same were taken over. The order of removal did not serve to set aside or to annul what had been properly done theretofore in the probate court, but rather to ‘pick up the proceedings’ where the probate court had left off, assuming, of course, that the proceedings theretofore had in the probate court were within the jurisdiction of that court and regular.” Ex parte Stephens, 233 Ala. 167, 169, 170 So. 771, 773 (1936).
Since the administrator was the first to petition either the probate court or the circuit court for a sale of the land of J. T. Autry, his petition had priority as *380 to the sale of J. T. Autry’s land. Appellees cite Dent v. Foy, 206 Ala. 454, 90 So. 317 (1929), for the proposition that an action to sell land for distribution under Tit. 47, § 186, Code, supra, has priority over an action under Tit. 61, § 245. We disagree.
It can be seen from a close reading of Dent that while the estate was pending in the probate court certain heirs petitioned the circuit court for removal of the estate and in the same petition also sought sale for division. Subsequently, the administrators of the estate filed a petition in the circuit court setting up the pendency of the administration in the circuit court and alleging that several of the adult heirs had made written request that the real estate belonging to the estate be sold for division by the administrators.
Thus, in Dent, it was the heirs who first petitioned either of the courts for a sale for division. In the instant case, appellant administrator was the first to petition. Therefore our decision is consistent with Dent.
As to the 160 acres owned by Sarah Autry, it was the appellees who first petitioned for a sale for division. Appel-lees filed the petition under Tit. 47. Appellant maintains that his petition to sell the lands of Sarah Autry should have priority over that of appellee. He argues that he amended his original petition, and the amendment should relate back under Rule 15(c) of the Alabama Rules of Civil Procedure. His purported amendment could not relate back because his original petition was brought under Tit. 61, §§ 245 & 246. A petition under these sections must be filed by the administrator, together with an heir. McGowin v. Robinson, 251 Ala. 690, 39 So.2d 237 (1949); Bolen v. Hoven, 143 Ala. 652, 39 So. 379 (1904-1905 Term).
It must be remembered that we are dealing with the estate of J. T. Autry only. So far as we are advised, the estate of Sarah Autry is not pending in any court and it would follow that there is no administrator or executor of her estate. The appellant, S. T. Autry, as administrator of the estate of J. T. Autry, would have no authority whatsoever to petition for division under §§ 245 & 246 the lands belonging to another estate. Therefore, there was nothing pending for the purported amendment to relate back to.
We conclude that the petition of S. T. Autry to sell the lands of the estate of J. T. Autry has priority over the petition of appellees and' the petition of the appel-lees to sell the lands of Sarah Autry has priority over that of the appellants.
The judgment is affirmed in part and reversed in part for entry of judgment consistent with this opinion.
AFFIRMED IN PART AND REVERSED IN PART WITH DIRECTIONS.
HEFLIN, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.