[Flomerfelt, et al. v. Siglin, et al.]

# Flomerfelt, *et al. v.* Siglin, *et al.*

## Bill for Partition of Land.

(Decided April 7, 1908.　Rehearing denied June 18, 1908.
47 South. 106.)

1. *Descent and Distribution; Property Which Descends to Heir; Land Under Contract of Sale.*—A vendor's interest in land contracted to be sold is that of real estate and descends to the heir.

2. *Same; Death of Vendor; Title; Purchase Money.*—Upon the death of a vendor before conveyance, the title to the land contracted to be conveyed vests in the heir as trustee for the vendee and upon the payment of the purchase money he should convey; but such purchase money goes not to the heir but to the personal representative of the deceased vendor.

3. *Conversion; Sale of Land.*—The contract of sale of land converts the interest of the vendor in the land from that as real estate into that as personalty.

4. *Same; Enforcing Contracts.*—The enforcibility refers rather to the validity of the contract than to events in the nature of conditions which may not have been performed because performance is not due at the time of the death of the vendor, it being sufficient if the conditions can be performed by decedent's heir or personal representative; notwithstanding a contract for the sale of real estate must be an enforcible one at the death of either party thereto in order to give it the operation of an equitable conversion of the land to personalty.

5. *Same; Contract; Construction.*—Where parties own land in severalty and in common, and by contract agree that they should become equal owners of the land, subject to a charge thereon, in favor of one in a sum of not less than $15,000 in any event, and more in case the property should sell for $40,000 or more, and the contract further providing that both parties shall endeavor to sell the property at the most advantageous price and as soon as possible, but for not less than $45,000 without the written consent of the other party, both parties having executed conveyances from one to the other conveying a one half undivided interest in and to the property, a sale under the mutual consent clause was not a condition precedent to an equitable conversion of the land as personal property; that being effected by the contract itself.

6. *Partiese; Joinder; Antagonistic Interests.*—In general persons representing antagonistic interests may not be joined as co-complainants in a bill to partition land.　　　　　　　　,,

7 *Executors and Administrators; Action by; Parties; Antagonistic Interests.*—The enforcing of a conversion made by the contract increased the personal assets of the estate, and hence the widow in her personal capacity, and as administratrix of the estate of the deceaesd vendor, did not stand in antagonistic relation but her claim

[Flomerfelt, et al. v. Siglin, et al.]

for dower was antagonistic to her position as administratrix, resulting in the necessity for the appointment of an administrator ad litem as provided by section 352, Code 1897; the petition seeking not only to effect the enforcement of the alleged equitable conversion of the land, but also to carve out dower from the proceeds.

8. *Dower; Allotment; Parties; Creditors.*—Unless it appears that there are no debts or that there is sufficient personal property to pay the debts, the creditors of the husband's estate are entitled to be represented in the allotment of the dower, or in the ascertainment of the sum to be paid in lieu thereof, notwithstanding the law fixes the dower interest.

9. *Partition; Sale of Land for Division; Attorney's Fee.*—In a suit to establish an equitable conversion of the land in controversy and for a sale thereof for division, the court should allow complainant an attorney's fee under General Acts 1903, page 33, not on the total purchase price, but on the common fund remaining after deducting from the purchase price the charge on the land.

APPEAL from Cherokee Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by William Siglin and another against Jacob D. Flomerfelt and others for partition of land, etc. From a decree overruling demurrers to the bill, defendants appeal. Affirmed in part; reversed, rendered, and remanded in part.

The bill is filed by William Siglin and Mary E. Flomerfelt, as an individual and as administratrix of the estate of James A. Flomerfelt, deceased, against the heirs of said James A. Flomerfelt, deceased. The averments are that Siglin and Flomerfelt were tenants in common of a certain tract of land, which is particularly described in the bill; that on or prior to the 6th day of December, 1901, a part of said lands belonged to said James A. Flomerfelt in severalty, a part to Siglin in severalty, and a part to Flomerfelt and Siglin jointly; that on said day the said Siglin and Flomerfelt entered into an agreement whereby they conveyed to the other an undivided one-half interest in all of said lands; and that upon making said conveyance they had an accounting, and it was ascertained and agreed that Flomerfelt was entitled to be paid the sum of

$20,000 out of the proceeds of the sale of said lands and other things which are set in the contract. The bill further avers the death of said James A. Flomerfelt, leaving complainant Mary E. Flomerfelt as his widow, and that she had been appointed and had qualified as administratrix of his estate; that he left no children, and that his heirs at law are his brothers and sisters and the descendants of the deceased sister, all of whom are made defendants to the bill; that the complainant Mary E. Flomerfelt, as administratrix, is entitled to $20,000 as personal assets of his estate; that she is entitled to dower as a widow in that part of the real estate which was owned and held by her husband as realty; that Siglin is entitled to one-half of the proceeds of the sale of said land, less the amount in cash which belongs to the estate of said Flomerfelt under the terms of said agreement. It also avers that the lands are incapable of division, and that it is not possible to allot and set apart the dower of the complainant Mary E. Flomerfelt, by reason of the fact that the interest of her husband is an undivided one. The prayer of the bill is for a sale of the lands for division, that the dower right of complainant Mary E. Flomerfelt may be ascertained and declared by the court, and also for reasonable attorney's fees for complainant's solicitors. Numerous grounds of demurrer were assigned to the bill, but only three points were pressed, which are as follows: (1) That the bill does not show an equitable conversion of any part of the interest of James A. Flomerfelt, deceased, of the lands in question into personal property. (2) That there is a misjoinder of parties complainant, in that Mary E. Flomerfelt as administratrix is joined with Mary E. Flomerfelt as an individual. (3) That the complainants are not entitled to any allowance for their solicitors in and about the filing of the bill and the sale of the land for division.

Omitting the formal parts, the contract is as follows: "Whereas, the said Siglin and James A. Flomerfelt are together the owners of certain lots, parcels, and tracts of land situated in Cherokee county, at and near Bluffton, and upon an adjustment and accounting between them it has been agreed and determined that they are equally interested therein, subject to the prior payment out of the proceeds of the sale to James A. Flomerfelt of the sum of $20,000, and in accordance with such agreement the parties hereto have executed to the other a conveyance of one-half of the undivided interest in and to said property: Now, therefore, in consideration of said conveyance each to the other, and in accordance with the agreement entered into upon such an adjustment and accounting, it is hereby mutually agreed and declared that the interest of the said parties in and to said lots, parcels, and tracts of lands and other property is as follows, to wit: That the said James A. Flomerfelt is entitled to receive from the proceeds of sale, when the land is sold, the sum of $20,000, and after the payment of said sum of $20,000 to the said Flomerfelt the remainder of said proceeds or of said property shall belong to and be equally divided between the said Siglin and Flomerfelt, share and share alike. In the event, however, said property should be sold for $40,000 or less, said Flomerfelt shall receive the sum of $15,000, and the balance shall be equally divided. If sold for more than $40,000 and less than $45,000 said Flomerfelt shall receive all said proceeds in excess of $25,000, and the balance shall be equally divided between said parties. It is further agreed to and between said parties, in consideration of the aforesaid, that all of the parties shall endeavor to make sale of said property as soon as possible and at the most advantageous price obtainable: Provided, that neither of said par-

[Flomerfelt, et al. v. Siglin, et al.]

ties shall authorize or consent to a sale at a price less than $45,000 without the written consent of the other party; that amount being the net minimum price agreed upon for the sale of the same."

DORTCH, MARTIN & ALLEN, for appellant. There was no equitable conversion because of the fact that the purpose of the conversion has wholly failed.—9 Cyc. 841; 53 N. J. E. 137; 32 Am. Dec. 623; 98 Ala. 385; 38 Ala. 25; 23 Ala. 488; 68 Ala. 365; 111 Ala. 157; *Taylor v. Crook,* 136 Ala. 354; 5. Am .St. Rep. 117. Persons representing antagonistic interests should not be joined as co-complainants.—*Smith v. Smith,* 102 Ala. 516; 73 Ala. 426; 16 Cyc. 197. The position of administratrix and widow is antagonistic.—1 Daniels Chan. P. & P. (5th Ed.) 334.            ,

KNOX, ACKER & BLACKMON, for appellee. The contract worked an equitable conversion of Flomerfelt's interest in the land to that of personalty.—*Coster v. Clark,* 3 Edward's Chan. 429; *Hinson v. Ott,* 7 Ind. 512; *Maddock v. Asberry,* 32 N. J. E. 181; *Keith v. Miller,* 42 N. J. E. 100; *Burbank v. Babcock,* 3 N. Y. St. 458; *Rose v. Jessup,* 19 Pa. St. 280; *Williams v. Haddock,* 145 N. Y. 141; 5 Ohio, 55; 50 Ohio St. 346; 41 Ark. 270; 2 Gratt. 280; 6 Gratt. 66; 11 W. Va. 43; *Musterton v. Pullen,* 62 Ala. 145. The question of merger in a court of equity depends upon the intention of the party.—*Welch v. Phillips,* 54 Ala. 316; Lo. N. Y. 20; 14 Am. Dec. 474. If it follows from the entire contract that a sale was necessary to effect the intention of the parties, the agreement to sell would be construed as absolute.—*Power v. Cassidy,* 79 N. Y. 642; *Carr v. Branch,* et al, 85 Va. 597; *Phelps v. Phelps,* 28 Barb. 121; 25 S. C. 149. There is no inflexible rule as

to the joinder of parties complainant. It must depend upon the circumstances of each case.—17 Mich. 437; 14 Hun. 308; 1 Paige 302. The administratrix and the widow are not antagonistic in their interest.—*Bollman v. Overall,* 80 Ala. 45.

ANDERSON, J.—In discussing equitable estates arising from conversion of real estate into personal and personal estate into real, Mr. Pomreoy, in his valuable work on Equity jurisprudence, says: "The whole scope and meaning of the fundamental principle underlying the doctrine are involved in the existence of a duty. resting upon the trustees or other parties to do the specified act; for , unless the equitable 'ought' exist, there is no room for the operation of the maxim 'equity regards that as done which ought to be done.' The rule is therefore firmly settled that, in order to work a conversion while the property is yet actually unchanged in form, there must be a clear and imperative [direction in the will, deed, or settlement, or 'a clear, imperative agreement in the contract, to convert the property; that is, to sell the land for money, or to lay out the money in the purchase of land. If the act of converting—that is, the act itself of selling the land or of laying out the money in land—is left to the option, discretion, or choice of the trustees or other parties, then no equitable conversion will take place, because no duty to make the change rests upon them. It is not essential, however, that the direction should be express, in order to be imperative. It may be necessarily implied. Where a power to convert is given without words of command, so that there is an appearance of discretion, if the trusts or limitations are of a description exclusively applicable to one species of property, this circumstance is sufficient to outweigh the appear-

ance of an option, and to render the whole imperative. Thus, if a power is given to lay out money in land, this will show an intention that the money should be so laid out, and will amount to an imperative direction to convert; for otherwise the terms of the instrument could not be carried into effect. In fact, the whole result depends upon the intention. If by express language, or by reasonable construction of all its terms, the instrument shows an intention that the original form of the property shall be changed, then a conversion necessarily takes place. A contract of sale, if all the terms are agreed upon, also operates as a conversion of the property; the vendor becoming a trustee of the estate of the purchaser, and the purchaser a trustee of the purchase money for the vendor. In order to work a conversion, the contract must be valid and binding, free from inequitable imperfections, and such as a court of equity will specifically enforce against an unwilling purchaser. The fact that the contract of purchase is entirely at the option of the purchaser does not prevent its working a conversion, if he avails himself of the option. This, like all other questions of intention, must ultimately depend upon the provisions of the particular instrument. The instrument might in express terms contain an absolute direction to sell or to purchase at some specified future time; and if it created a trust to sell upon the happening of a specified event, which might or might not happen, then the conversion would not only take place from the time of the happening of that event, but would take place when the event happened exactly as though there had been an absolute direction to sell at that time. Subject to this general modification, the rule is settled that a conversion takes place in wills as from the death of the

testator, and in deeds and other instruments inter vivos as from the date of their execution." 3 Pomeroy's Equity jurisprudence (3d Ed.) §§ 1160, 1161, 1162.

In case of the death of the vendee before a conveyance has been made, his interest in the land should be considered as real estate and descends to his heir, or he may devise the same by will; and in case of the vendor's death, where he is under contract to sell lands, his heir receives the title in trust for the vendee, and must convey upon payment of the purchase money, but the purchase money goes, not to the heir, but to the personal representative, of the vendor, for the vendor's interest had been converted by the contract from realty to personalty. 6 Pomeroy, 840, 841; *Wimbish v. Montgomery M. & L. Association,* 69 Ala. 577. It is true the contract must be an enforceable one at the death of either party thereto; but enforceability at the time of death of one of the parties refers to the validity of the contract, and not to events in the nature of conditions which may not have been performed because such performance was not due at the time of the death of the testator. It is sufficient if these conditions can be performed by his representative. 6 Pomeroy, 845; *Williams v. Haddock,* 145 N. Y. 144, 39 N. E. 825. We think it was the manifest intent and purpose of the parties to the contract involved to establish and fix their respective interests in the land by becoming equal owners of same, subject to a charge thereon in favor of Flomerfelt of not less than $15,000 in any event, but more in case the property should sell for $40,000 or over. It expressly provides that the parties are "equally interested therein," subject to a prior payment out of the proceeds to Flomerfelt.

It is insisted that there was no conversion, as the interest of the parties was dependent upon a sale to be made by mutual consent and for not less than $40,000,

and that said sale did not take place, and cannot now be made under said contract, since the death of Flomerfelt. We cannot agree that a sale under the mutual consent clauses of the contract was a condition precedent. The contract should be considered in its entirety, and while it contemplates a private sale by parties, and binds them to same only in case the property will bring $45,000, it does not make them equal owners only in the event of such a sale, nor preclude a sale for division in case they fail to sell under the mutual clauses. Clearly it was contemplated by the parties that their affairs should be settled by owning the land equally, subject to Flomerfelt's claim, whether they made a consent sale or not, as the contract expressly provides for the amount to be received by Flomerfelt in case the property "should be sold for $40,000 or less." Moreover, the contract provides for the execution of conveyances from one to the other, conveying a "one-half undivided interest in and to said property." There would be no need for mutual conveyances, if the contract was intended as a mere agreement to divide the proceeds of the sale, in case one was made by consent, for $45,000.—*Coster v. Clarke*, 3 Edw. Ch. (N. Y.) 428.

What was said in the case of *Allen v. Watts*, 98 Ala. 384, 11 South. 646, to the effect that equity does not regard the conversion as taking effect from the death of the testator, when the will authorizes a sale only upon certain conditions, is doubtless sound, but was not decisive of said case. Nor is it in the way of the conclusion reached in the case at bar; for, as we have attempted to demonstrate, the conversion was not dependent upon a sale, as the parties became equal equitable owners of the land, subject to a charge upon same in favor of Flomerfelt, the exact amount of which was to be fixed according to the price for which the land

41 O

should sell, under the consent clause or otherwise. The demurrer proceeding upon the theory that there was no conversion was properly overruled.

As a general rule, persons representing antagonistic interests cannot be joined as co-complainants.—*Smith v. Smith,* 102 Ala. 516, 14 South. 765. There can be no antagonistic interest between the widow and the administratrix, as it is to the interest of the said widow, as well as the estate, that the conversion be decreed, thus increasing the personal assets of the estate, and to this extent and for this purpose they go hand in hand; and as the administratrix she represents the creditors and not the heirs, and if this bill was for a sale for distribution, and a construction of the contract as an incident thereto, the heirs being in court, it would fall under the influence of *Ex parte Baker,* 118 Ala. 185, 23 South. 996. But the bill goes further, and asks for dower out of the proceeds, thus presenting a feature antagonistic between the widow and the estate she represents; and section 352 of the Civil Code of 1896 contemplates an administrator ad litem. The amount awarded her in lieu of dower would not only affect the heirs, who are in court, but the estate as well, and which has no representative, except the administratrix, and who is also seeking to charge the estate with her dower interest. The interest of the widow and the estate being antagonistic, they were improperly joined as co-complainants, and the demurrer proceeding upon this theory should have been sustained, and a decree is here rendered sustaining same.

What the result would be if the bill averred no debts against the estate, or that the personal property was sufficient to discharge all debts, we need not decide, as there is no such averment. And in the absence of such an averment there could arise a conflict between

[Flomerfelt, et al. v. Siglin, et al.]

the widow and the creditors in ascertaining her interest in lieu of dower. Of course, the proceeds of the land, less the charge thereon, would go to the heirs, subject to dower, in case the debts did not exceed the personal property; but, if the debts exceeded the personal property, the land would be liable, and the amount of dower would necessarily decrease the property liable to the satisfaction of said debts. True, the law fixes the dower interest in land; but the creditors should be represented in the allotment of dower or in the ascertainment of the sum in lieu thereof, unless, of course, the bill averred no debts or a sufficiency of personal property to pay the debts.

The act (page 33, Gen. Acts 1903) authorizes attorney's fee in cases of this character; but, should the chancery court award a fee in this case, it should not be based on the total price for which the land should sell, but only upon the common fund, which would be the proceeds after deducting the charge on the land therefrom. The bill does not pray for a fee on the whole fund, but merely for such fee as the court, under the law, will award; and it was not, therefore, demurrable in this respect.

The decree of the chancery court is affirmed in part, and reversed, rendered, and remanded.

Affirmed in part, and reversed, rendered, and re manded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.