(85 South. 539)

**BUTLER et al. v. FULLER et al.** (6 Div. 74.)

(Supreme Court of Alabama. May 20, 1920.)

**I. Partition**  ⚙≈114(4)—**Court should exercise caution in fixing attorney's fees.**

  The trial court should exercise the greatest caution that no injustice be done in fixing allowance of attorney's fees in suits for partition.

**2. Partition**  ⚙≈114(4)—**Attorney's fees acquiesced in not so excessive as require reversal.**

  Fees allowed solicitor for complainants in a suit for sale of surface rights for division among joint owners, in view of the circumstances, including the acquiescence of the parties, *held* not so objectionable or unreasonable as to call for reversal of decree for complainants wherein they were fixed.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Bill by Asa B. Fuller and others, individually and as executors, against R. E. Butler and another, for the sale of surface rights for division among joint owners. From decree granting relief, respondents appeal. Affirmed.

Appellees filed the bill in this cause against the appellants, seeking a sale of the surface rights in 100 acres of land and the mineral

rights in 440 acres situated in Cullman county for division among the parties to the suit as tenants in common. The complainants owned a one-third interest in the property, and the two respondents the remaining interest.

The respondents were represented by counsel, who first filed demurrer to the bill, which was overruled. One of the complainants was register of the court, and upon application by solicitor for complainants a special register was appointed by the chancellor. After the ruling on the demurrer the respondents filed their answer, on October 29, 1919, setting up, among other things, that the land could be equitably divided without a sale. Thereafter, on November 1st, upon application of complainants' solicitor, the oral examination of certain witnesses sought to be examined by the complainants was ordered by the special register to be held on November 8th following, notice of which was served upon counsel for respondents residing in Jefferson county. On November 7th, the day previous to the examination, respondents withdrew the answer theretofore filed, and in lieu thereof filed an answer, admitting the averments of the bill.

The witnesses were examined on November 8th, pursuant to the order previously issued, and the averments of the bill duly proved. Asa B. Fuller, one of the complainants, and the regular register in chancery for the court, testified on this examination that he was familiar with the fees charged for services rendered in causes of this character in that court, and that the reasonable sum would be a certain percentage of what the land would bring at a sale. Two other witnesses were also examined upon this question, both of whom are practicing attorneys at that bar, and they likewise testified that a certain percentage of the amount brought at the sale would be a reasonable fee to be allowed complainants' solicitor for the prosecution of this suit.

The cause was submitted for final decree upon pleadings and proof as noted, and the land ordered sold for division as prayed. In this decree it was ordered that the special register retain out of the proceeds of sale the costs and expenses of the sale, including the amount of attorney's fee as proven by said witnesses, and the register ordered to report his action to that term of court, said report to lie over for five days for exception or objections; all other questions being reserved until the coming in of said report. This decree was rendered November 13, 1919.

On December 15, 1919, the register made a special report showing a sale of the land, the sum for which the same was sold, to whom sold, the execution of a deed to the purchasers, and the retention out of the proceeds of sale of the costs and expenses of suit and of the sale of the land, which included the attorney's fees as testified to and found by the court.

On December 23, 1919, respondents by their solicitors filed objection to that portion of the report of the special register regarding the attorney's fees on the ground that the same was excessive. On the same day there was filed a motion to strike said objection upon the ground that it came too late, and other grounds not necessary to mention. No action was taken upon said motion, and on February 23, 1920, respondents withdrew their objection to the report of the special register. On February 24, 1920, the special register filed a supplemental report, setting forth the foregoing proceedings, showing that he had distributed the proceeds of sale in accordance with the decree of the court. On March 3, 1920, the court entered a further order, approving and confirming the sale of the lands and the report of distribution of the proceeds thereof. Respondents prosecute this appeal.

Percy, Benners & Burr, of Birmingham, for appellants.

Section 3010, Code 1907, contemplates the ascertainment of the solicitor's fee after the work is done, and not before, and under the facts in this case the fee is excessive. 98 Ala. 470, 13 South. 368; 2 R. C. L. 1059; 119 La. 236, 43 South. 1018; 219 Ill. 310, 76 N. E. 378; 106 Ark. 571, 153 S. W. 820; 105 U. S. 47, 26 L. Ed. 1028; 191 Ala. 195, 67 South. 985.

F. E. St. John, of Cullman, for appellees.

The matter of attorney's fee is addressed to the sound discretion of the court, and will not be disturbed, unless abused. Section 3010, Code 1907; 191 Ala. 201, 67 South. 985.

GARDNER, J. Appellants seek a reversal of the decree of the court below only upon the question of the excessiveness of the fee allowed for complainants' solicitor. It is insisted that, while the evidence of the attorneys testifying in the cause is without dispute, the fee allowed was a reasonable and proper sum as customarily charged for services of such nature, yet this was not binding upon the court, citing Lee v. Lomax, 219 Ill. 218, 76 N. E. 377; Dinkelspiel v. Pons, 119 La. 236, 43 South. 1018; Lilly v. Robinson, 106 Ark. 571, 153 S. W. 820, and a vigorous attack is made in argument here presented upon the amount of the fee upon the ground of excessiveness.

[1] That the services of counsel for complainants were for the benefit of the common estate, and properly payable out of the funds

from the proceeds of sale under the provisions of section 3010 of the Code of 1907, is not questioned, but only the amount thereof as being excessive. As said by this court in Bidwell v. Johnson, 191 Ala. 195, 67 South. 985, the trial court should exercise the greatest caution in fixing allowance of attorney's fees in matters of this character, that no injustice be done; but at the same time the wording of the statute has clearly indicated that much must be left to sound judicial discretion.

[2] We may concede for the purpose of this case much of the argument of counsel for appellants, and that neither this court nor the court below will be necessarily bound by the opinion evidence presented in the cause; yet we are not persuaded that under the circumstances here presented the decree should be disturbed. The witnesses were examined in regular form, after due notice given counsel for respondents, and the testimony regularly taken and proof made without dispute as to the proper allowance to be paid the solicitor for complainants for his services in the cause. Respondents did not question this proof at that time or subsequently, offering no testimony to the contrary, and when the final decree was rendered recognizing this amount as a proper charge for solicitor's fees, no objection seems to have been made thereto, or attempt to have a reconsideration of that question by the court. A sale of the property was had under the decree. The report of the register was confirmed and the proceeds distributed before any objections were filed by respondents to the allowance of this fee as excessive. The objections filed do not appear to have been brought to the attention of the court, and were subsequently withdrawn. All the parties to this cause were sui juris; the interest of no minor being involved. The proceedings in the cause as above outlined clearly indicated to the trial court that if the amount of compensation to be allowed the solicitor for complainants had not been agreed upon, it was at least acquiesced in and considered unobjectionable.

In reviewing the trial court upon this question of fact, a matter in which much discretion was vested in the court, this court should also prudently exercise a degree of discretion; and, while we do not wish to be considered as having approved the amount allowed in this particular case as upon an original consideration thereof, yet under the circumstances shown above we are of the opinion the decree in this respect should not now be disturbed, and the same will therefore be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN JJ., concur.