(87 South. 803)

MUSGROVE v. ALDRIDGE.   (6 Div. 29.)

(Supreme Court of Alabama.   Oct. 28, 1920. Rehearing Denied Jan. 13, 1921.)

1. Pleading ⬤⟳8(2)—Bill for partition not demurrable in averment land could not be equitably partitioned.

Bill by one tenant in common against the other for the sale of a certain mineral interest in land, held not demurrable on ground that its averment that the land could not be equitably partitioned or divided was a mere conclusion of the pleader.

**2. Partition ⊂⟲12(1) — Mere fact property consists of mineral rights insufficient to destroy right of cotenant to partition.**

The mere fact that the property involved in a partition suit between tenants in common consists of undeveloped coal ore and mineral rights is not, in and of itself, sufficient to destroy the right of a joint owner to a partition in kind; the general rule being that all mining property capable of being held in cotenancy is subject to the right of partition, regardless of hardships or inconveniences incident to the partition in kind.

**3. Partition ⊂⟲77(3)—Sale of mining property warranted on less strict proof than in case of surface property.**

In cases involving mining property held by cotenants, where the quantity and value of the mineral cannot be readily ascertained, there is such an appreciable element of uncertainty attending partition in kind as will warrant a court of equity in decreeing sale for division on less strict proof than in cases involving fee simple estates or surface rights.

**4. Partition ⊂⟲77(4)—Evidence held to show coal lands could not be equitably divided without sale.**

Evidence *held* to show that the coal lands involved in suit for partition between two joint owners or tenants in common could not be equitably divided without sale thereof.

**5. Partition ⊂⟲77(4)—Offer of partition in kind not embodied in cross-bill can be considered only as matter of evidence.**

In suit for sale for partition between two joint owners of certain coal lands, where an amendment to the answer embodying a proposition for partition in kind was not made a cross-bill, and no affirmative relief is sought by respondent, his offer can be considered only as a matter of evidence tending to influence the issue as to whether an equitable partition without sale is feasible.

**6. Partition ⊂⟲114(5) — Allowance for counsel fees held proper.**

In suit between tenants in common of mining lands for sale for partition, in view of the conclusion of the trial court that equitable partition could not be made without sale, it followed that counsel for complainant rendered services for the benefit of all concerned, and the decree of reference to the register to ascertain a reasonable allowance for such services, in view of Code 1907, § 3010, was without error.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Bill by A. B. Aldridge against L. B. Musgrove for the sale of certain mineral interest in land among joint owners or tenants in common. From a decree for complainant, respondent appeals. Affirmed.

Lacy, Lacy & Shepherd, of Jasper, for appellant.

The bill did not aver facts sufficient to show that partition in kind was impracticable. 93 Ala. 85, 9 South. 524. Partition in kind was practical under the evidence. 90 Ala. 164, 8 South. 715, 24 Am. St. Rep. 778; 93 Ala. 85, 9 South. 524; 139 Ala. 319, 35 South. 998; 89 Ala. 455, 8 South. 40; 98 Ala. 363, 11 South. 743, 39 Am. St. Rep. 67. The court improperly taxed a solicitor's fee as part of the costs. 180 Ala. 102, 60 South. 391; 191 Ala. 195, 67 South. 985; 195 Ala. 550, 70 South. 719.

A. F. Fite, of Jasper, for appellee.

The allegations of the bill were sufficient. 164 Ala. 393, 51 South. 20; 180 Ala. 102, 60 South. 391; 189 Ala. 149, 66 South. 79. The evidence clearly supported the decree. 185 Ala. 50, 64 South. 67; 189 Ala. 149, 66 South. 79. A solicitor's fee was properly allowed as part of the costs. Sections 3010 and 5219, Code 1907; 191 Ala. 195, 67 South. 985; 195 Ala. 560, 70 South. 733.

BROWN, J. This bill is filed by the appellee against the appellant for the sale of "all the coal, iron, and other minerals in, under, and upon [the lands described in the bill], together with all the necessary and usual mining rights."

After averring that the parties are joint owners or tenants in common of said mineral interests or mining rights, each owning an undivided one-half interest therein, the bill contains the further averment:

"That said land cannot be equitably partitioned or divided among the said tenants in common or joint owners without a sale thereof."

[1] The bill was demurred to on the ground, among others, that the averment quoted is a mere conclusion of the pleader, and is insufficient in the absence of an averment of facts to support the conclusion. The demurrer was overruled, and the appellant now insists that this was error, citing in support of this contention Keaton v. Terry, 93 Ala. 85, 9 South. 524.

The utterance in the case cited that is supposed to sustain appellant's contention here is, that—

"Upon a bill filed to sell lands for distribution, a mere conclusion of the pleader that the same cannot be 'fairly and equally' partitioned is subject to demurrer, unless the description of the property given, or the facts in relation thereto averred, are such as to show prima facie that the conclusion is fairly inferable from the facts averred."

An examination of the case cited shows that the question was not there presented on demurrer, and that the quoted statement was used arguendo and is mere dictum. In cases subsequently decided by this court, where the question was directly presented, it was ruled that the averment that the land cannot

be equitably divided without a sale thereof is an averment of fact, conforming to the language of the statute, and is sufficient. Smith v. Witcher, 180 Ala. 102, 60 South. 391; Carson v. Sleigh, 201 Ala. 373, 78 South. 229; Wheat et al. v. Wheat, 190 Ala. 461, 67 South. 417.

Our conclusion, therefore, is that the demurrers to the bill were properly overruled.

[2] The mere fact that the property involved consists of undeveloped coal ore and mineral rights is not, in and of itself, sufficient to destroy the right of a joint owner to a partition in kind; the general rule being that all mining property capable of being held in cotenancy is subject to this right, regardless of hardships or inconveniences incident to the partition in kind. Robbins v. Penn. Gas Coal Co., 28 Pa. Co. Ct. R. 49; note 15 Ann. Cas. 778; 18 R. C. L. 1250, par. 146; Hall v. Vernon, 47 W. Va. 295, 34 S. E. 764, 49 L. R. A. 464, 81 Am. St. Rep. 791.

[3] Yet in such cases involving property of this character, where the quantity and value of the mineral cannot be readily ascertained, there is such appreciable element of uncertainty attending partition in kind as will warrant a court of equity in decreeing a sale for division on less strict proof than in cases involving fee-simple estates or surface rights, when the value of the property is more easily ascertained. Such is the effect of the holding in Sheffield Coal & Iron Co. v. Ala. Fuel & Iron Co., 185 Ala. 50, 64 South. 67, and Hall v. Vernon, supra.

[4] The evidence has been carefully examined, and it appears therefrom without material conflict that the topography of the body of land here involved is affected with hollows and depressions, and the veins of coal with faults, squeezes, and dips, lack of uniformity in the thickness of the veins, uncertainty as to the character of the partings between the veins, uncertainty as to the character of top, whether good or bad, injecting into the situation elements of uncertainty defying equitable partition in kind, and our conclusion accords with that of the chancellor that the lands cannot be equitably divided without a sale thereof.

[5] This conclusion is not altered by the proposition for partition in kind, submitted pending the case in the court below. The proposition was presented in an amendment to the answer, but the answer was not made a cross-bill, and no affirmative relief is sought by the respondent. For this reason the offer can only be considered as a matter of evidence tending to influence the issue as to whether an equitable partition without sale is feasible. While this proposition on first blush seems fair and equitable, yet, when considered in the light of the evidence, it clearly does not remove the elements of uncertainty incident to partition in kind.

The evidence shows that according to the estimates as to the quantity of coal, there is practically the same quantity in the two tracts, but that in the 60-acre tract is more in a body, is more accessible, and can be more easily extracted, and hence mined at less cost. These facts show that such division or partition would not be equitable; and, as observed by the West Virginia court:

"There is still an appreciable element of uncertainty touching it great enough to forbid a court of equity from depriving a party of his rights in what is in the land for what might never be there." Hall v. Vernon, supra.

[6] From the conclusion announced in the decree of the court below that equitable partition could not be made without a sale, in which conclusion we concur, it necessarily follows that the services of counsel for complainant in the prosecution of the suit to this end was for the benefit of all concerned, and the decree of reference to the register to ascertain what would be a reasonable allowance for such services was without error. Code 1907, § 3010; Long v. Long, 195 Ala. 560, 70 South. 733; Bidwell v. Johnson, 191 Ala. 195, 67 South. 985. The decree is free from error, and will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.