(87 South. 354)

DE RAMUS et al. v. DE RAMUS.
(3 Div. 489.)

(Supreme Court of Alabama. Jan. 20, 1921.)

Partition ⟨⟩114(4) — Benefits of attorney's services to share of individual cannot be paid from fund.

In exercising the power conferred by Code 1907, §§ 3010, 5219, to fix the solicitor's fee for allowance out of the common fund the court in a suit for partition can consider only the fair value of the legal services inuring to the benefit of the trust estate, excluding from consideration services referable to the individual interest of a cotenant or cotenants, so that a decree fixing such fee must be reversed where it appeared from the record that the court did not discriminate between the services of benefit to the common estate as distinguished from those rendered in presenting or preserving the individual interests of complainants.

Appeal from Circuit Court, Autauga County; B. K. McMorris, Judge.

Bill by E. E. De Ramus against W. M. De Ramus and others for a sale for division of the proceeds of land jointly owned. From so much of the decree as fixed the amount of the solicitor's fee payable out of the fund, defendants appeal. Reversed and remanded, with directions.

After taking the testimony which included evidence as to services of counsel in litigated questions of title in dispute between said tenants in common and other matters, not germane to the bill for sale for division, the register found and allowed the sum of $300. To this finding, respondents filed exception setting up that the sum was excessive and unreasonable and not supported by the evidence. This exception was overruled.

W. P. McGaugh, of Montgomery, and Ballard & Jones, of Prattville, for appellants.

If the allowance is excessive, the Supreme Court will exercise its discretion in reducing or disallowing the same. 204 Ala. 272, 85 South. 539. The authority to tax attorney's fees as costs must be found in the statute, or else it does not exist. 130 Ala. 429, 30 South.

338. Under the statutes, allowance may be made only for services rendered the trust fund or estate. 164 Ala. 368, 51 South. 17; 180 Ala. 102, 60 South. 391; 176 Ala. 151, 57 South. 776; 191 Ala. 195, 67 South. 985; 204 Ala. 199, 85 South. 529.

Guy Rice and Gipson & Booth, all of Prattville, for appellee.

The court properly allowed the attorney's fees. Section 3010, Code 1907; 204 Ala. 57, 85 South. 297.

McCLELLAN, J. This appeal brings up for review the phase of a final decree—on a bill by a tenant in common, praying a sale for division of the proceeds of land jointly owned (De Ramus v. De Ramus, 85 South. 397[1])—where a solicitor's fee was fixed by the court in exercise of the power recognized or conferred by Code, §§ 3010, 5219. The amount of the fee is the only subject of controversy. Construing these statutes, this court has held that the allowance out of the common fund must be, can only be, predicated of the reasonable, fair value of legal services rendered for and inuring to the benefit of the trust estate, excluding from consideration—as the basis of the quantum of allowance to be made—services referable to the individual interest of a cotenant or cotenants. Wilks v. Wilks, 176 Ala. 151, 158, 159, 57 South. 776; Bidwell v. Johnson, 191 Ala. 195, 198, 199, 67 South. 985; Butler v. Fuller, 204 Ala. 272, 85 South. 539.

It appears from the transcript on this appeal that the evidence taken, accepted, and acted upon by the register on reference to ascertain a reasonable fee for the solicitor for complainants, whereby it was shown that $300 would be a proper fee, did not discriminate between the reasonable value of the legal services rendered by complainants' solicitor that was of benefit to the common estate as distinguished from services that were rendered by him in presenting or preserving the individual interests of the complainants. The exceptions to the report of the register took this objection. The court should have sustained it. For the purpose of taking a proper reference on this matter the decree, in this particular, is reversed, and the cause is remanded for further appropriate proceedings in this regard. The cost of this appeal will be paid out of the common fund, but upon the allowance of a proper fee to complainants' solicitor there shall be deducted therefrom the cost of this appeal, thus reimbursing the common fund to the extent of the costs of appeal so paid.

Reversed and remanded, with directions.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.