(97 South. 627)

**DENT et al. v. FOY et al.   (6 Div. 885; 885–A.)**

(Supreme Court of Alabama.   June 7, 1923.
Rehearing Denied June 28, and
Oct. 11, 1923.)

1. **Partition** <b>&copy;=</b>114(4)—**Complainants' counsel entitled to reasonable compensation out of common fund.**

Under Code 1907, §§ 3010, 5219, counsel for complaints in partition action, in which the property was sold, were entitled to a reasonable fee out of the common fund.

2. **Constitutional law** <b>&copy;=</b>317—**Partition** <b>&copy;=</b>35—**Statutes entitling complainants' counsel in partition action to payment out of common fund held not violative of due process clause.**

Code 1907, §§ 3010, 5219, entitling counsel for complainants in a partition suit to payment of reasonable compensation out of the common fund, *held* not violative of the due process clause of the federal Constitution.

3. **Attorney and client** <b>&copy;=</b>140—**Court may fix compensation of complainants' counsel on consideration of whole case without accepting opinion of witnesses.**

In a partition suit, the court may fix the amount of compensation to be paid complainants' counsel out of the common fund, upon a consideration of the whole case as developed on the record, without being bound to accept the opinion of the witnesses.

4. **Appeal and error** <b>&copy;=</b>936(2)—**Correctness of register's report as to fee of complainants' counsel presumed on appeal.**

In a partition suit, the Supreme Court on appeal will presume that the report of the register fixing the fee of complainants' counsel payable out of the common fund was correct.

5. **Partition** <b>&copy;=</b>114(4)—**Amount of fee of complainants' counsel payable out of common fund discretionary with court.**

In a partition suit, the amount of the fee which the complainants' counsel are to be paid out of the common fund is within the sound discretion of the court.

6. **Costs** <b>&copy;=</b>241—**Cost of appeal divided equally between the parties on affirmance of decree upon original and cross-appeal.**

Where a decree is affirmed both upon the original and the cross-appeal, the cost of the appeal will be divided equally between the appellants and the appellee.

### On Rehearing.

7. **Costs** <b>&copy;=</b>260(5)—**Allowance of solicitor's fee in partition action not a "decree rendered for money," within statute relating to affirmance of such a decree on supersedeas.**

The allowance of a solicitor's fee in partition action is not a "decree rendered for money," within Code 1907, § 2893, providing that the Supreme Court on affirming such a decree, after it has been superseded on appeal by the execution of bond, must render judgment for amount of affirmed judgment with 10 per cent. damages thereon.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Fred H. Foy and others against Helen A. Dent and others. From the decree rendered, both parties appeal. Affirmed.

S. H. Dent, Jr., and Rushton & Crenshaw, all of Montgomery, for appellants.

The court may, in its discretion, allow solicitor's fees to be paid from the proceeds of sale, for service rendered for the benefit of all. De Ramus v. De Ramus, 205 Ala. 219, 87 South. 354; Bidwell v. Johnson, 191 Ala. 195, 67 South. 985. This court will, if it sees fit to allow a fee, fix it at a reasonable amount, regardless of the testimony of witnesses. Citizens' Co. v. Central Co., 200 Ala. 18, 75 South. 330; Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Fowler v. Equitable Tr. Co., 141 U. S. 411, 12 Sup. Ct. 8, 35 L. Ed. 794; Harrison v. Perea, 168 U. S. 311, 18 Sup. Ct. 129, 42 L. Ed. 478. A penalty cannot attach to this decree. Code 1907, § 2893; 2 Words and Phrases, 1864, 1812; Hooks v. Bank, 18 Ala. 451.

W. H. Merrill, of Eufaula, and Farmer, Merrill & Farmer, of Dothan, for appellees.

Attorney's fees in partition proceedings are governed by sections 3010 and 5219 of the Code. Musgrove v. Aldridge, 205 Ala. 190, 87 South. 803; Butler v. Fuller, 204 Ala. 272, 85 South. 539; Long v. Long, 195 Ala. 560, 70 South. 733; Bidwell v. Johnson, 191 Ala. 195, 67 South. 985. The judgment of the court should have carried a 10 per cent. penalty. Code 1907, § 2893.

GARDNER, J. Complainants in the court below, appellees here, filed this bill seeking the sale of certain real estate situated in Birmingham, Ala., for division among the joint owners thereof. The property was sold pursuant to final decree rendered in the cause for the sum of $65,000. A reference was held for the purpose of ascertaining a reasonable attorney's fee to be allowed counsel for complainant for services rendered in the prosecution of the suit, resulting in a report by the register fixing the fee at $2,000. To this report complainants and respondents filed exceptions; complainants insisting that the evidence submitted upon this reference justified a much larger fee, while respondents contended that the sum fixed should be correspondingly lower. The court confirmed the register's report, and from this decree the respondents have prosecuted the original appeal, while complainants have taken a cross-appeal, and errors have been assigned accordingly.

Counsel for respondents insist: First, that

no fee should have been allowed at all payable out of the common fund; and, second, if allowed, it should in no event exceed the sum of $500. Since the passage of the act of 1903, now embraced within the provisions of sections 3010 and 5219 of the Code of 1907, it has been held by this court that the solicitors for the complainant in bills of this character were properly allowed a fee for their services payable out of the common fund. It was expressly so decided in Flomerfelt v. Siglin, 155 Ala. 633, 47 South. 106, 130 Am. St. Rep. 67, and Musgrove v. Aldridge, 205 Ala. 189, 87 South. 803, and was assumed as established by our decisions in Butler v. Fuller, 204 Ala. 272, 85 South. 539; De Ramus v. De Ramus, 205 Ala. 219, 87 South. 354.

Counsel for appellants lay stress upon the authority of Bidwell v. Johnson, 191 Ala. 195, 67 South. 985. In that case the executrix, whose duty it was to administer the trust fund, was represented by counsel, and the case involved the allowance of an attorney's fee payable out of the trust fund to the attorney for some of the beneficiaries, and a distinction is drawn between services rendered for the benefit of a few and those rendered which inure to the benefit of all. There is nothing in that authority which militates against the conclusion we have reached. It being established that the real estate here involved could not be equitably partitioned in kind, a sale for division among the tenants in common was a matter or right, and from a legal standpoint, as said in Musgrove v. Aldridge, supra, "it necessarily follows the services of counsel for complainant in the prosecution of the suit to this end was for the benefit of all concerned," and the mere fact that it may be shown the property brought no more at this sale than the parties could have secured at a private sale does not affect the result, or change the principle involved.

[1, 2] We are therefore of the opinion that under the previous decisions of this court, construing the provisions of the foregoing section of our Code, counsel for complainants were entitled to a reasonable compensation for their services, to be paid from the common fund. We are of the opinion this holding does not contravene the "due process" clause, or any other provision of the federal Constitution, as suggested in brief of counsel for appellants.

[3, 4] Upon the question of amount allowed, it is competent for the court to exercise independent judgment and determine the same

210 ALA.—11

upon a consideration of the whole case as developed on the record without being bound to accept the opinion of the witnesses. The presumption, however, on this appeal is that the report of the register was correct. Citizens' Light, Heat & Power Co. v. Central Trust Co., 200 Ala. 18, 75 South. 330.

This was not a friendly suit; the cause had been pending for nearly three years, and was contested. There were demurrers, and also insistence on the part of the respondents that the right of the administrator of the estate of George H. Dent, deceased, to have ordered a sale of this property was superior to that of these complainants, and during the pendency of the instant case that question was determined adversely to the respondents in a separate litigation between these parties from the Barbour circuit court, as found by reference to the case of Dent v. Foy, 206 Ala. 454, 90 South. 317.

[5] In the matter of establishing fees of this character, much is left to the sound discretion of the trial court. Bidwell v. Johnson, supra; Butler v. Feller, supra.

The record here presented has been most carefully examined in connection with the evidence offered by the respective parties, and it will serve no good purpose to enter into a detailed discussion thereof. Suffice it to say that, under the rules established, we are not persuaded the action of the court below in confirming the report of the register should be here disturbed.

The items of cost, to which objection was interposed, were incidental to the suit, and a part of the expenses of the sale, and were properly allowed.

[6] The decree will be affirmed both upon the original and cross-appeal, and the cost of appeal divided equally between the appellants and appellee.

On Rehearing.

[7] Upon application for rehearing, counsel for appellee insist that 10 per cent. damages should be awarded upon affirmance of this decree, relying upon the provisions of section 2893, Code 1907. We are clear to the view that the allowance of solicitor's fee in this cause is not such a "decree rendered for money," within the influence of said section, but merely allowance of a fee payable out of the trust funds, and the insistence is without merit.

The application is overruled.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.