(93 South. 660)

**GRAHAM et al. v. GRAHAM et al.**

(3 Div. 565.)

(Supreme Court of Alabama.    June 8, 1922.)

**1. Partition ⚖114(4)—No allowance for solicitor's services incurred while representing individual interest of parties.**

Under Code 1907, §§ 3010 and 5219, authorizing the allowance of solicitor's fees in partition cases where the services are for the common benefit of all, allowance for all of a solicitor's services in representing an entire litigation was erroneous, as services rendered while representing the individual interest of parties should not be included.

**2. Partition ⚖114(4)—Sale price of land essential fact in determining solicitor's fees.**

Until there has been a sale for division, under Code 1907, §§ 2630 and 5226, the amount of solicitor's fees authorized by sections 3010 and 5219 should not be ascertained, as the sale price of the land is an essential factor in determining the amount of these fees.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by Daniel M. Graham and another against Peter H. Graham and another for a

partition and sale of certain lands for division of the proceeds, in which W. A. Gunter petitioned to be allowed an attorney's fee. From a decree confirming the master's report finding the amount of this fee, respondents appeal. Reversed and remanded.

W. P. McGaugh and Eugene Ballard, both of Montgomery, for appellants.

The court was only authorized to allow attorney's fees for services beneficial to all the parties. 204 Ala. 144, 85 South. 397; 176 Ala. 151, 57 South. 776; 191 Ala. 195, 67 South. 985; 204 Ala. 272, 85 South. 539. There having been no sale of the property involved at the time of the reference, there was no basis for a finding of the value of legal services rendered. 155 Ala. 633, 47 South. 106, 130 Am. St. Rep. 67.

W. A. Gunter, of Montgomery, for appellees.

The suit for partition was properly brought. 110 Ala. 640, 20 South. 130; 51 Utah, 107, 168 Pac. 554, 1 A. L. R. 1329; 95 U. S. 444, 24 L. Ed. 360; 2 C. J. 353; 75 Neb. 830, 106 N. W. 991, 121 Am. St. Rep. 835; 216 U. S. 524, 30 Sup. Ct. 382, 54 L. Ed. 602, 17 Ann. Cas. 1169.

McCLELLAN, J. The review now invoked is of the action of the circuit court (in equity) in allowing, through confirmation of a special master's report, a solicitor's fee of $3,500 for professional services rendered by Mr. William A. Gunter in the cause styled Graham v. Graham, reported in 202 Ala. 56, 79 South. 450; same case, second appeal, 205 Ala. 644, 89 South. 25. The bill in the cause was filed to effect sales for division, among averred joint owners, of certain lands in Autauga and Montgomery counties, and for other subsidiary purposes. From conclusions prevailing in this court the Autauga county real estate was eliminated as a subject of the sale sought. There was no serious controversy with respect to the propriety of the sale for division of the Montgomery county lands.

[1] Consequent upon a petition by Mr. Gunter for allowance of solicitor's fees for services in the cause—in virtue of the statutes (Code, §§ 3010, 5219)—the court appointed a special register to hold a reference in the premises. The order of reference directed the special register to report "what amount of money should be allowed said petitioner for *all* his services as attorney in said cause *and representing the entire litigation* there involved." (Italics supplied.)

[2] The order of reference was affected with error. Its direction contemplated the ascertainment of the petitioner's fee upon the basis of services rendered in the entire litigation or cause; whereas, the fee allowable and assessable must have been measured by such of the solicitor's services as "was of benefit to the common estate as distinguished from services that were rendered by him in presenting or preserving the individual interests" of parties to the proceeding or cause. De Ramus v. De Ramus, 205 Ala. 219, 87 South. 354; Bidwell v. Johnson, 191 Ala. 195, 198, 199, 67 South. 985, Code, §§ 3010 and 5219, are the result of the act approved February 2, 1903 (Gen. Acts 1903, p. 33). The former section (3010) follows the language of the act; but the latter section (5219) was rewritten and differently phrased. By the terms of section 5219 the "services" for which a "charge on all interests" may be imposed must have been "for the common benefit of all." This section, particularly applicable to "partition or sale of property for division of proceeds," is the governing statute in the present circumstances. With respect to sales for division of the proceeds, the statutory design is to charge the *proceeds* of the sale with the reasonable compensation allowed for the services that were for "the common benefit of all" and to require payment out of the *proceeds* of the sale. Until there has been a sale for division, no ascertainment of the compensation the statute contemplates should be undertaken. An essential factor in ascertaining, in determining the compensation allowable, is the sale price of the property, either paid in cash or secured as the court prescribes in the order of sale (Code, §§ 5226, 2630). In this instance, the order of reference preceded the sale; and was, hence, premature. In administering or applying these statutes (sections 3010 and 5219) this court, in Bidwell v. Johnson, 191 Ala. 195, 202–204, 67 South. 985, and again in Butler v. Fuller, 204 Ala. 272, 274, 85 South. 539, suggested the greatest caution that no injustice be done parties in interest through the exercise of such measure of sound discretion as the statutes contemplate.

The order or decree allowing the solicitor's fee stated is reversed. The cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and MILLER, JJ., concur.