Quincy W. Godwin and members of a similarly situated group of approximately 40 claimants in a property dispute (hereinafter the "Godwin claimants") appeal an order of the Baldwin Circuit Court denying their request that their attorney fees be paid out of a common fund created by the sale of the property. We affirm.
This case has a long history, and the claims underlying it were aptly described in this Court's opinion in McAllister v. Norville, 514 So.2d 1270
(Ala. 1987):[1] *Page 504 
 "These appeals involve a dispute over the title to real property on Alabama's Gulf coast, known as `Navy Cove' or `Pilot Town,' and [are] unique in that 14 bar pilots received title to the property in 1872, as tenants in common, with the right of each to stake out a portion of the property and build a house on it. The dispute involves successors in title to these 14 original bar pilots. . . .
 "These appeals are from an amended decree of the Circuit Court of Baldwin County by which the trial court basically awarded three sets of claimants/appellees either all or part of their claim to a certain specific ownership claimed by them in a larger tract designated as `Navy Cove' (sometimes called `Pilot Town'), in fee simple. The claimants/appellees all claim to have acquired by adverse possession, against their co-tenants, the specific property awarded to them and, in addition, each claimant/appellee claims to own an undivided interest in the remainder of the subject Navy Cove property.
 "All of the Navy Cove appellants, and all of the three sets of claimant/appellees, claim an interest in the Navy Cove property by virtue of an administrator's deed, dated August 27, 1872, and filed October 6, 1872, recorded in deed book J, pages 59-60, in the Office of the Judge of Probate of Baldwin County, which was a deed to 14 original bar pilots.
 "These appeals involve two cases that were combined and consolidated before trial. The first suit was a bill to quiet title in personam to two acres (the Nicholls claim), and it was filed 27 years ago, on May 26, 1960. The Nicholls claim was filed by Eleanor J. Nicholls, William W. Nicholls, and Mary N. Spencer against Divie L. Kinard, Quincie A. Godwin, and A.S. Godwin, and was assigned case number 4949. The second suit was assigned case number 7546, and is the main case in which most of the Navy Cove appellants or their predecessors are listed as parties. It was filed on August 11, 1964. The second suit was filed against the other heirs of the 14 original bar pilots and others as tenants in common to five tracts of land, all being a part of the Navy Cove tract. The second suit (case number 7546) was to quiet title in rem and in personam and/or for partition or sale for division.
 "Various pleadings and substitutions of parties were made during the ensuing years, and the Norville claim, answer, and counterclaim were filed on November 21, 1979.
 "In May of 1986, the Nicholls claim was amended to include all parties to the combined cause. . . ."
514 So.2d at 1270-71.
On May 13, 1986, the trial court entered a judgment containing rulings in favor of the Nicholls adverse-possession claimants, and its judgment was appealed to this Court, resulting in this Court's decision inMcAllister. This Court reversed the trial court's original judgment, and the parcel of property was eventually sold after remand. The proceeds of the sale, approximately $830,000, were placed into a common fund for the benefit of all the parties. The Godwin claimants represent a portion of the groups of claimants to the property that are associated with the heirs of the bar pilots who sought to quiet title in the second 1964 action, as noted in McAllister. In 1991, their attorneys filed a claim for attorney fees against the common fund. The appellees in this case, Edward R. Dorgan and members of other groups of claimants (hereinafter the "Dorgan claimants"), asserted claims that related to the original action to quiet title through adverse possession, filed in 1960.
Because various claims for expenses were made against the common fund, the trial court appointed a special master to *Page 505 
determine the appropriate procedure for paying the expenses of the claimants. On March 25, 1999, the special master filed a recommendation that the court apportion the responsibility for payment of expenses according to particular classes of claimants.
On April 22, 1999, the trial court entered a final judgment pursuant to Rule 54(b), Ala.R.Civ.P., generally following the recommendations of the special master and approving common expenses and allocating the remaining funds among the particular classes of claimants. Pursuant to the trial court's order, attorney fees were assessed against the shares awarded to particular classes of claimants, according to the services rendered on behalf of a particular class. No appeal was taken from that order. On December 29, 1999, the trial court heard the Godwin claimants' request for attorney fees, and on February 1, 2000, it entered an order denying that request. The Godwin claimants moved to alter, amend, or vacate the trial court's order; the motion was denied and they appealed to this Court.
The Godwin claimants' arguments resolve to the general contention that the trial court erred in denying their request that their attorney fees be paid from the common fund. More particularly, they argue that the trial court's allocation, whereby their attorney fees are to be paid only from their share of the common fund, is manifestly unjust. The Dorgan claimants respond by arguing that the trial court's allocation of expenses between the respective groups of claimants was not an abuse of discretion. In addition, they assert that the Godwin claimants' appeal in this matter is invalid because they did not appeal the trial court's April 22, 1999, order awarding expenses against the common fund.
Attorney fees are recoverable under Alabama law as part of the costs of an action only where they are authorized by statute, where they are provided for in a contract, or where they can be awarded by special equity, such as a proceeding where the efforts of an attorney create a fund out of which fees may be paid. Reynolds v. First Alabama Bank ofMontgomery, N.A., 471 So.2d 1238 (Ala. 1985); Eagerton v. Williams,433 So.2d 436 (Ala. 1983); Shelby County Comm'n v. Smith, 372 So.2d 1092
(Ala. 1979).
The 1964 filing in this case sought a partition or sale of the disputed property, and the trial court expressly relied on Ala. Code 1975, §34-3-60, to determine whether the Godwin claimants' attorney fees should be paid out of the common fund. This section provides, in pertinent part:
 "In all actions and proceedings in the probate courts and circuit courts and other courts of like jurisdiction, . . . where there is involved the sale of property for distribution, or where there is a partition in kind of real or personal property between tenants in common, the court having jurisdiction of such action or proceeding may ascertain a reasonable attorney's fee, to be paid to the attorneys or solicitors representing the . . . joint or common property, or any party in the action or proceeding, and is authorized to tax as a part of the costs in such action or proceeding such reasonable attorney's fee, which is to be paid when collected as the other costs in the proceeding to such attorneys or solicitors as may be directed or ordered by the court and to be a lien on the several parts in case of partition in kind."
Section 34-3-60 therefore plainly authorizes a trial court to order that attorney fees be paid out a common fund created by the sale of property, as in this case. However, in Ex parte Martin, 775 So.2d 202, 206 (Ala. 2000), this Court stated: *Page 506 
 "Section 34-3-60, Ala. Code 1975, authorizes a trial court to award an attorney fee in a proceeding involving the sale for division of property and to tax such fee as costs of the action. The origin of this Code section was a statute adopted by the Legislature in 1903. Penney v. Pritchard McCall, 255 Ala. 13, 18, 49 So.2d 782, 785 (1950). The 1907 codification of this statute added the express condition that `the services must be for the common benefit of all.' Id. . . . While some of the successive codifications, including the present one, have omitted the language that `the services must be for the common benefit of all,' this Court has consistently maintained that condition on the trial judge's authority to award attorney fees pursuant to these codifications. Id. See, e.g., Irons v. Le Sueur, 487 So.2d 1352, 1359
(Ala. 1986):
 "`Likewise, when attorney's fees are allowed under § 34-3-60, [Ala.] Code 1975, it is on the basis of, and solely for, the benefits inuring to the common estate and to the tenants in common and not involving controversy as to respective rights or interests of individual tenants in common. Pate v. Law, 277 Ala. 608, 173 So.2d 596 (1965); Graham v. Graham, 207 Ala. 648, 93 So. 660 (1922).'"
(Emphasis on the word "all" added in Martin; other emphasis added here.)
While the Godwin claimants' attorneys may have taken actions that benefited other claimants they did not in fact represent, there were also members of the group of claimants who had differing interests. For example, the Dorgan claimants, whose claims were based on adverse possession, actually lost a considerable portion of the value of their claims as a result of the actions taken by the Godwin claimants' attorneys. Thus, the actions of the Godwin claimants' attorneys benefited a particular group of individual claimants in a "controversy as to respective rights or interests of individual tenants in common," and their services were not "for the common benefit of all." Therefore, the trial court did not err in denying their request that fees be paid out of the common fund. Because we have determined that the trial court did not err in refusing the request by the attorneys for the Godwin claimants that their fees be paid from the common fund, we need not address the alternative contention by the Dorgan claimants that a valid appeal would lie only from the April 22, 1999, order awarding expenses.
AFFIRMED.
See, Lyons, and Brown, JJ., concur.
Moore, C.J., concurs in the result.
Stuart, J., recuses herself.*
* Justice Stuart was the trial judge in this case.
[1] In McAllister v. Norville, this Court, on application for rehearing, issued an "extended opinion," on October 2, 1987. That extended opinion was withdrawn on January 24, 1989. See order published at 568 So.2d 1216.